TRUSTEES OF LYTLE SCHOOL DISTRICT v. HERMAN E. HAAS, COUNTY JUDGE.

Decided November 7, 1900.

**1.  School District Formed from Two Counties—How Changed.**

Under the statute providing that where a school district organized out of territory from two counties is established, it shall be regarded and treated in all respects as a district of the county by whose commissioners court it is established, it can be changed only by the commissioners court of such latter county, with the consent of a majority of the legal voters of the districts affected by such change, and the commissioners court of the other county has no such authority. Sayles' Civ. Stats., arts. 3946a, 3946b, 3938.

**2.  Same—Suit for School Funds by County Treasurer—School Trustees as Plaintiffs.**

A school district of A. County was formed in part of territory of M. County, and the latter county wrongfully refused to transfer to the trustees of such district the school fund collected for the part in M. County, and suit was instituted therefor by such trustees. Held, that the county treasurer of A. County, being by statute the custodian of the school fund of his county and charged with the duty of directing prosecutions for the recovery of all debts due his county, was alone authorized to prosecute such suit. Rev. Stats., arts. 926, 927, 3935.

Appeal from Medina.   Tried below before Hon. I. L. Martin.

*W. A. Read* and *T. M. West,* for appellants.

*J. W. Baker,* for appellees.

Fly, Associate Justice.—Appellants instituted this suit, alleging "that a certain portion of Medina County, described by field notes, situated on or near the county line of Atascosa and Medina counties had been duly and legally consolidated with the Lytle School District of Atascosa County, as theretofore created and existing, and that such consolidation had been duly made by an order of the Commissioners Court of Atascosa County, at the February term, 1898, of said court, and that thereby said district had become and still is a legal public school district of said Atascosa County.  That for the scholastic year, 1898 and 1899, defendants recognized said consolidated district as a public free school district of Atascosa County, and promptly transferred to the county treasurer of Atascosa County the public school fund belonging to said portion of Medina County.

"That on or about June 28, 1899, a number of citizens of said portion of Medina County presented a petition to the defendant Haas, praying to be detached from said Lytle School District, which petition was, without the consent of the qualified voters of said district, in all things granted by the defendant Haas and the Commissioners Court of Medina County, but was rejected by the Hon. N. R. Wallace, county judge, and by the Commissioners Court of Atascosa County.  That there are now in the hands of the defendant C. B. Leinweber, county treasurer of Medina County, the sum of $385, public free school funds, available for the year commencing September 1, 1899, belonging to said portion of Medina County, and that defendants had failed and refused to transfer the sum to the county treasurer of Atascosa County.  That on or about January 1, 1900, plaintiff demanded the transfer of said fund, with which demand defendants failed and refused to comply, from which refusal on the part of defendants plaintiffs appealed to the Hon J. S. Kendall, State Superintendent of Public Instruction, of which appeal defendants had due notice, and that on January 17, 1900, said State Superintendent rendered his decision on said appeal, directing defendants to transfer said sum of money to the treasurer of Atascosa County; that said decision was not appealed from, and is now in full force and effect and binding on defendants, but that they have refused to comply with or obey the same."

Plaintiffs prayed for an alternate writ of mandamus commanding defendants to transfer said sum of money, or to appear at the next term of the District Court of Medina County and show cause why a peremptory mandamus should not issue commanding them to transfer said school fund.  By his fiat indorsed on plaintiffs' petition, Judge Martin, on March 19, 1900, granted the alternate mandamus as prayed for, which writ was duly issued and served.

Defendants filed their original answer, containing a plea in abatement, alleging that plaintiffs could not bring and maintain this suit; that the same could be done only by the county treasurer of Atascosa County, together with the county judge of Atascosa County, as ex-officio county superintendent of public instruction. They also filed a general and special demurrer, and an answer alleging that they admit the due consolidation of said district as alleged by plaintiffs, and that there is in the treasury of the county of Medina public free school fund apportioned to said portion of said county for the year 1899 and 1900, amounting to the sum of $385.54. That a petition signed by a majority of the voters of the Lytle Consolidated District, praying for a dissolution of said district, was, on June 28, 1899, presented to defendant Haas, which said petition was duly approved by said Haas, and afterwards by the Commissioners Court of said Medina County by an order made on June 28, 1899, and that of the portion of Medina County thus detached from said Lytle District was formed and established the Coal Mine School District No. 20, of Medina County, and that thereupon defendant Haas was appointed trustee of said new district, and that the trustee thereof had contracted with a teacher, who had taught a school in said district, and that defendant Haas has approved numerous vouchers for the salary of said teacher, and that since the establishment of said district No. 20 none of the children of scholastic age residing in Medina County have attended school in Atascosa County."

The plea in abatement was sustained and the cause was dismissed.

The school district of which appellants were the trustees was organized under the provisions of article 3946a, Sayles' Civil Statutes, and in the succeeding article (3946b) it is provided that when such school district is so established, it shall be regarded and treated in all respects as a district of the county by whose commissioners court it is established. In other words, when a majority of the qualified voters of the district, desired to be formed out of portions of Atascosa and Medina counties, presented their petition and obtained the approval of the county superintendent of public instruction of each of the counties and presented the same to the Commissioners Court of Atascosa County, and that court established the district according to the petition, such district must "be regarded and treated as a school district of Atascosa County." Being a school district of that county, it could only be changed by the Commissioners Court of that county, with the consent of a majority of the legal voters of all districts affected by such change. Art. 3938, Sayles' Civ. Stats. Under this view of the law, the Commissioners Court of Medina County had no authority to act upon a petition to change a school district established by the Commissioners Court of Atascosa County, because such district "shall be regarded and treated in all respects as a district of the county by whose commissioners court it was established." Under the provision of article 3946a, above cited, the fund collected for that part of the school district in Medina County should have been transferred to Atascosa County.

The fund rightfully belonged to the district of which appellants were

trustees, and the question is presented, to whom is confided the power in Atascosa County to institute proceedings to compel the payment of the fund to the proper authority in Atascosa County? A reference to article 926 of the Revised Statutes shows that the county treasurer is the custodian of all county funds, and under the provisions of article 3935 that officer is made custodian of the school funds belonging to his county. Under the law it was the duty of the authorities of Medina County to turn over the school money due Atascosa County to the county treasurer of that county. That official alone had the authority to receive it, and it would seem that he alone could institute a suit to compel its payment. In article 927 it is made the duty of the county treasurer to direct prosecutions according to law for the recovery of all debts that may be due his county, and superintend the collection thereof. He alone seems to be authorized to institute such suits. Jernigan v. Finley, 90 Texas, 205.

We are of the opinion that the school trustees were not authorized to prosecute a suit against appellees to compel the payment of the money due to Atascosa County, and the judgment is therefore affirmed.

*Affirmed.*

Application for writ of error dismissed by the Supreme Court for want of jurisdiction.