### MOODY et al. v. CHESSER et al.
### (No. 8037.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 14, 1914. Rehearing Denied Dec. 19, 1914.)

1. SCHOOLS AND SCHOOL DISTRICTS ⊜⇒55 — SUIT BY TRUSTEES OF SCHOOL DISTRICT FOR MONEY MISDEPOSITED BY FORMER TRUSTEES.

Where the legal depositary of county funds had refused to bring suit against former trustees of a school district who had deposited money of the district elsewhere than with the depositary, the existing trustees of the district, as beneficiaries of the fund, might maintain such a suit.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 137, 138; Dec. Dig. ⊜⇒55.]

2. APPEAL AND ERROR ⊜⇒843 — QUESTIONS UNNECESSARY TO DECISION.

Where the trial court sustained a general demurrer and also special exceptions to the petition, and the appellate court reverses the ruling on the demurrer, it need not consider the rulings on the exceptions, as to which plaintiff, because of the sustaining of the demurrer, has had no chance to amend.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3331–3341; Dec. Dig. ⊜⇒ 843.]

Appeal from District Court, Knox County; Jo. A. P. Dickson, Judge.

Action by J. A. Moody and another against Louis Chesser and others. Judgment for defendants on demurrer, and plaintiffs appeal. Reversed and remanded.

Jas. A. Stephens, of Benjamin, for appellants. D. J. Brookreson, of Benjamin, for appellees.

BUCK, J. This suit was instituted by appellants in the district court of Knox county, Tex., and trial was had on plaintiffs' second amended original petition, which reads as follows:

"Now comes the plaintiffs in the above entitled and numbered cause, and files this their second amended original petition, in lieu of their first amended original petition filed herein, on the 2d day of September, A. D. 1913, leave of the court first having been obtained for said purposes, and for cause of action pleads as follows:

"First. Now comes J. A. Moody and W. A. Brown, resident citizens and taxpayers of common school district No. 3, Knox county, Tex., and represents that they are the duly elected, qualified, and acting school trustees for said school district No. 3, hereinafter styled plaintiffs complaining of N. J. Allen, who resides in Donley county. Tex., S. B. Maddox, Louis Chesser, C. A. Cantrell, W. F. Hickman, W. M. Sagger, and J. J. Perry each who resides in Knox county, Tex., and the First Bank of Truscott, a partnership engaged in the banking business at Truscott, Tex., and doing business under the firm name of the First Bank of Truscott, which is a partnership composed of Louis Chesser, and the other members of said partnership is unknown to plaintiff, and the First National Bank of Benjamin, Tex., a corporation organized and existing under and by virtue of the laws of the United States of America, and engaged in the banking business at Benjamin, Tex., of which A. H. Sams is president.

"Second. That the plaintiffs are not only the duly elected and qualified and acting school trustees for said common school district No. 3, but that said plaintiffs and each of them own property situated within said school district, both real and personal, of the value of more than $2,000 each.

"Third. That said school district owes an indebtedness which is evidenced by bond to the amount of $8,000. That it is necessary to levy and collect a sufficient amount of taxes to pay the interest and sinking funds on said bond.

"Fourth. That during the years 1910–1912 the said defendants, N. J. Allen, Louis Chesser, S. B. Maddox, C. A. Cantrell, and W. F. Hickman, W. M. Sagger and J. J. Perry, were the duly elected, qualified and acting school trustees for said school district No. 3. The plaintiffs are unable to give the dates when each of said defendants qualified and begun their duties as school trustees, and that plaintiffs are unable to give the exact dates when each of said parties resigned said position, or the length of time that said parties filled said positions, for the reason that plaintiffs have been unable to secure the record to show when each of said defendants held said office, but that said facts are within the knowledge of said defendants as to the time they were so acting as school trustees.

"Fifth. That the said First National Bank of Benjamin is the duly selected and acting county depository of Knox county, Tex., and as such is the custodian of the funds of said common school district No. 3.

"Sixth. The plaintiffs represent that prior to the institution of this suit these plaintiffs went to the officers of said First National Bank of Benjamin, Tex., who was the county depository of Knox county, Tex., and informed them as to the indebtedness hereinafter set out, and requested said bank to institute suit to collect said amount that said defendant, though requested failed and refused so to do.

"Seventh. That plaintiffs represent that, during the years 1910–11 and 1912, the said defendants N. J. Allen, Louis Chesser, S. B. Maddox, C. A. Cantrell, W. F. Hickman, and J. J. Perry and W. M. Sagger, while they were acting in the capacity of school trustees for said common school district No. 3, and the said First Bank of Truscott, of which Louis Chesser was its agent and general manager, and said bank was engaged in the banking business at Truscott during said time, and that during said time said defendants by virtue of their said offices as school trustees received and deposited in said bank various sums of money belonging to said school district. That the plaintiffs are unable to state the exact date when each item of said money was received, but that said amounts are shown on the bank books of said First Bank of Truscott, which is in the hands and possession of one of the defendants, and that they are here notified to produce the same. The plaintiffs represent that said defendants received from the following persons the following sums of money which was the property of said school district, which is as follows, to wit: J. R. Craig, $410.65; the Masonic Lodge of Truscott, Tex., for rents for school building, the sum of $50; from G. H. Coody, $52; rebate on school seats, $25.08; from W. S. Britton, tax collector of Knox county, Tex. the sum of $63.13; First Bank of Truscott, $25.38; C. L. Browder, $3.35; W. E. Browder, $7.81; W. A. Brown, $50.97; W. Bursey, 36 cents; T. H. Charters, $1.25; Louis Chesser, $49.84; I. A. Dugat, $3.-31; James Eubanks, 73 cents; J. C. Eubanks, $21.50; J. B. Guynn, $11.64; O. B. Guynn, $1.56; Ben Lee, $5.29; J. B. Lee, $3.85; Markum & Mae, $8.94; J. B. Markum, 95 cents; T. B. Masterson, $3.15; J. A. Moody, $47.32; D. M. Morrison, $11.35; W. T. Myers, $2.13;

R. G. McCalley, $2; J. J. Perry, $3.50; W. P. Pitman, $1.82; W. M. Sagger, $12.04; Shawver Bros., $15.33; G. H. Shawver, $15.58; Truscott Trading Co., $7.50; A. E. Wesbrooks, $5.90; J. H. Westbrooks, $26.78; Mrs. F. M. Westbrooks, $22.04; A. E. Whittington & Co., $2.78—making a total of $977.55.

"Eighth. That all of said money was the property of said common school district No. 3, and was collected by said defendants and deposited in said Bank of Truscott. That the money paid by said J. R. Craig was the purchase price of a school building belonging to said school district No. 3, which was sold by said trustees and paid for by said Craig. That the amount paid by said Coody was for a portion of said school building which was sold to said Coody by said trustees. That the other amounts, except the amount paid by said Masonic Lodge, was collected as an agreed tax by said parties, paying the same, and was in lieu of the regular assessed taxes; the same being assessed in accordance with the amount of property owned by said parties and paid to said defendants for the purpose of supplementing the school funds and for the use and benefit of said school fund.

"Ninth. That it was the duty of defendants to deposit the said money with the First National Bank of Benjamin, Tex., the county depository and the legal custodian of said funds.

"Tenth. That, although the said defendants have been requested by plaintiffs to deposit said money in the county depository, they have failed and refused to do so, save and except the sum of $94.40.

"Eleventh. That said money has not been paid out by said defendants by virtue of any voucher drawn and approved by the county superintendent of Knox county, Tex., as required by law.

"Twelfth. That by reason of said facts said defendants became indebted to said common school district No. 3 in the sum of $883.15.

"Thirteenth. Wherefore plaintiff prays the court that said First National Bank of Benjamin, Tex., be required to appear and prosecute this suit, and that upon a final hearing that judgment be rendered for the amount of said debt, interest, and costs of suit, and for such other and further relief as they may be entitled in law and in equity.

"Fourteenth. The plaintiffs further represent to the court that they have an interest in the subject-matter of this suit for the following reasons, to wit: That said plaintiffs and each of them own property situated in said school district which is of the value of more than $2,000 each, and that by reason of the bonded indebtedness against said district it is necessary to levy and collect a sufficient amount of taxes to pay the interest on said bond and the sinking funds and to pay for the support and maintenance of said school, and that if said money is collected plaintiffs' taxes will be reduced by reason thereof, and that if said debt is not collected that plaintiffs will suffer injury thereby, in that their property will have to be incumbered with taxes with the other property in said district for a greater amount than would be necessary if said debt was collected and said money placed to the credit of said common school district No. 3.

"Wherefore, plaintiffs pray that upon a hearing hereof judgment be rendered in favor of said county depository for the use and benefit of said common school district No. 3, for the amount of said debt, interest, and costs of suit, and for such other and further relief as plaintiff may be entitled to in law and in equity."

To this petition defendants urged a general demurrer and nine special exceptions, all of which were sustained by the court, and the plaintiff, declining to amend, brought the cause to this court on appeal.

[1] Appellants in their first assignment complain of the action of the trial court in sustaining defendant's general demurrer to the trial petition as above set forth, and this contention we believe to be well taken. Under the law, plaintiffs, as trustees of common school district No. 3 of Knox county, were authorized to prosecute this suit. Appellees in their first counter proposition cite us to the cases of Lytle School District v. Haas, 24 Tex. Civ. App. 433, 59 S. W. 830, and Jernigan v. Finley, 90 Tex. 205, 38 S. W. 24. In the case of Lytle School District v. Haas, above, the court held that the county treasurer alone could sue to require the transfer of school funds to the county treasury, and that the trustees of said district could not maintain such suit because, under article 926 of the Revised Statutes of 1895, the county treasurer was the custodian of all county funds, and, under the provisions of article 3935, said statutes, said officer was made the custodian of the school funds belonging to the county. And that under the law it was the duty of the authorities of Medina county to turn over the school money due Atascosa county to the county treasurer of the latter county.

Appellants (plaintiffs in the trial court), in the case referred to, alleged in their petition:

"That a certain portion of Medina county, described by field notes, situated on or near the county line of Atascosa and Medina counties, had been duly and legally consolidated with the Lytle school district, of Atascosa county, as theretofore created, and existing, and that such consolidation had been duly made by an order of the commissioners' court of Atascosa county at the February term, A. D. 1898, of said court, and that thereby said district had become, and still is, a legal public school district of said Atascosa county; that, for the scholastic year 1898 and 1899, defendants recognized said consolidated district as a public free school district of Atascosa county, and promptly transferred to the county treasurer of Atascosa county the public school fund belonging to said portion of Medina county; that on or about June 28, 1899, a number of citizens of said portion of Medina county presented a petition to the defendant Haas (who was county judge of Medina county) praying to be detached from said Lytle school district, which petition was, without the consent of the qualified voters of said Lytle school district, in all things granted by the defendant Haas and the commissioners' court of Medina county, but was rejected by Hon. N. R. Wallace, county judge, and by the commissioners' court of Atascosa county; that there are now in the hands of the defendant C. B. Leinweber, county treasurer of Medina county, the sum of $385, public free school funds available for the year commencing September 1, 1899, belonging to said portion of Medina county, and that defendants had failed and refused to transfer the sum to the county treasurer of Atascosa county; that on or about January 1, 1900, plaintiff demanded the transfer of said fund, with which demand defendants failed and refused to comply, from which refusal on the part of defendants, plaintiffs appealed to Hon. J. S. Kendall, state superintendent of public instruction, of which appeal defendants had due notice, and that on January 17, 1900, said state superintendent rendered his decision on said appeal, directing defendants to transfer said sum of money to the treasurer of Atascosa county; that said decision was not appealed from, and is now in full force

and effect, and binding on defendants, but that they have refused to comply with or obey the same."

Defendants filed their original answer and plea in abatement, alleging that plaintiffs could not bring and maintain this suit; that the same could be done only by the county treasurer of Atascosa county, together with the county judge of Atascosa county, as ex officio county superintendent of public instruction, and a general and special demurrer as well as an answer. They admitted the due consolidation of said district as alleged by plaintiffs, and that there was in the treasury of the county of Medina public free school funds apportioned to said portion of said county for the years 1899–1900 amounting to the sum of $385.54. They further alleged that, upon a petition filed by the majority of the voters of the Lytle consolidated district praying for the dissolution of said district and presented to the defendant Haas, the commissioners' court of said Medina county by an order established another school district in Medina county, and that thereafter school trustees were appointed, for said newly established district, who had contracted with the teacher, etc. The plea in abatement was sustained and the cause was dismissed.

The holding of the court, in the case to which reference is made above, that the county treasurer was the proper person to bring this suit for the transfer of the school funds by the authorities of Medina county of the school money due Atascosa county, was based, evidently, on the theory that so much of said school fund belonging to the Lytle school district of Atascosa county as had been apportioned for the benefit of those children of scholastic age residing in said Lytle school district but in Medina county, in fact belonged to the school fund of Atascosa county by reason of the consolidation of the two school districts above mentioned under the name and title of Lytle school district of Atascosa county; and that, such being the case, it was the duty of the county treasurer of Atascosa county to institute suit to compel the payment of this fund to Atascosa county, thereafter to be apportioned by the county superintendent to Lytle school district. That this interpretation of the court's opinion and judgment is correct is shown by its reference to article 927, Revised Statutes of 1895, which reads as follows:

"The county treasurer shall keep a just and true account of receipts and expenditures of all the moneys which shall come into his hands by virtue of his office, and of the debts due to and from his county; and direct prosecutions according to law for the recovery of all debts that may be due his county, and superintend the collection thereof."

Since the rendition of the opinion in this case just quoted, and also in the case of Jernigan v. Finley, 90 Tex. 205, 38 S. W. 24, to which appellees have cited us, the Legislature has provided for the establishment of county depositories, which may be in a banking corporation, association, or individual banker, in such county, and has further provided that, upon the selection of such depository by the commissioners' court of the county:

"It shall be the duty of the county treasurer of said county, immediately upon the making of such order to transfer to said depository all the funds belonging to said county and immediately upon the receipt of any money thereafter to deposit the same with said depository to the credit of said county." etc.

It would appear therefore that the county treasurer is no longer given the right, or charged with the duty, of being the custodian of the funds of the county, nor charged with the duty of bringing suit for the deposit, transfer, or possession of such funds; but that, under the amended law, the depository, as therein provided, is the proper custodian of the funds belonging to the county and which had been, by the order of the commissioners' court, transferred to it, and, as such, it may have the right to bring suit for the deposit, transfer, or possession of any funds belonging to the county; but as to this right we are not called upon to decide in this case. But we do hold that in the case of a refusal of the depository to bring such suit, as was alleged in plaintiffs' petition, such duty devolves upon the beneficiaries of the funds, who in this case are the trustees of common school district No. 3. Therefore we hold the trial court erred in sustaining defendant's general demurrer to plaintiffs' petition.

[2] Hence it becomes unnecessary for this court to consider the question of whether or not the court erred in sustaining defendant's special exceptions, because, having sustained the general demurrer, the plaintiffs had no opportunity to amend their petition so as to comply with the court's ruling in sustaining any or all of the special exceptions.

The judgment is reversed, and the cause remanded for a new trial.

