**WILSON v. TEXAS PACIFIC COAL & OIL CO. et al.**

No. 5331.

Court of Civil Appeals of Texas. Amarillo.

Sept. 29, 1941.

Rehearing Denied Oct. 27, 1941.

Robert A. Sowder, Nelson & Brown, and Geo. W. McCleskey, all of Lubbock, for appellant.

J. A. Amis, Jr., of Emory, Carl E. Ratliff, of Levelland, and W. K. Hall and Eugene T. Adair, both of Fort Worth, for appellees.

FOLLEY, Justice.

The State of Texas granted four leagues of land situated in Hockley County to Rains County for school purposes, among which was League 45. On May 26, 1885 the State issued a patent therefor to the grantee which was filed for record in Hockley County February 3, 1920.

Thereafter the commissioners court of Rains County subdivided the leagues into labors and had a plat thereof made, which appears in this record as the official plat of the Rains County School Land in Hockley County.

On January 28, 1930 the county of Rains, acting through its commissioners court, sold and conveyed by its county judge to R. M. McCallon several of the labors into which the leagues had been subdivided, among which was Labor No. 10 or Tract No. 10 in League No. 45 in Hockley County. The deed recited a consideration of $3,744.30, evidenced by a note due on or before forty years after January 28, 1930, and the deed retained a vendor's lien to secure the payment of the purchase price of the land described therein. The note drew 5% interest per annum payable annually in advance. The deed provided that failure to pay any annual installment of interest within 120 days after the same became due should, at the option of the commissioners court of Rains County, mature all of said indebtedness remaining unpaid.

R. M. McCallon, the grantee, executed a deed of trust to J. T. Rushing, Trustee, who was the county judge of said county, covering all of Labor No. 10, to secure the payment of the above-described vendor's lien note. This deed of trust contains an accelerating clause which conforms to the provisions in the deed and vendor's lien

note for declaring the indebtedness due upon default with the usual power of sale by the trustee.

In purchasing the above-described land R. M. McCallon was not only acting for himself but also for the appellant, Maple Wilson, and the appellant's father.

On January 31, 1930 R. M. McCallon conveyed said labor No. 10, and sixteen other tracts out of the Rains County School Lands, to Maple Wilson, which conveyance recited that it was subject to the various vendor's lien notes due Rains County for the purchase of the tracts conveyed.

On March 12, 1930 Maple Wilson conveyed said Labor No. 10 to W. C. House for a recited consideration of $2,139.60 cash and the execution by House of two notes, each in the sum of $178.30. House also assumed the $3,744.30 note due Rains County upon the land.

J. T. Rushing, the original trustee in the deed of trust, died in 1931, and W. C. House defaulted in the payment of the interest on the purchase-money indebtedness he had assumed and agreed to pay Rains County. E. M. Mason, who was county judge of Rains County, was by order of the commissioners court appointed substitute trustee on January 11, 1933 and on August 31st thereafter he was again designated trustee and directed to sell the land in controversy under the deed of trust. On October 3, 1933 E. M. Mason as substitute trustee sold the land and executed a trustee's deed therefor to Rains County for a consideration of $375 cash.

W. C. House had erected various improvements upon the land but all such improvements were removed in 1933.

In October, 1933, shortly after the trustee's sale, Rains County took possession of the land and has remained in possession ever since, collecting all rents and revenues therefrom and rendering and paying all taxes assessed against the same.

On November 9, 1935 Rains County executed and delivered to Texas Pacific Coal and Oil Company an oil and gas lease covering Labor 10 and other lands. This lease provided for a primary term of ten years, and all delay rentals due thereunder have been seasonably paid.

On September 19, 1933, shortly before the above trustee's sale, W. C. House conveyed Tract 10, in controversy, to Evan Duncan. However, this deed was not filed for record until August 1, 1939, immediately prior to the filing of this suit. By deed dated September 23, 1933, Evan Duncan conveyed the land to Maple Wilson. However, this deed was not acknowledged until June 23, 1938, and it, also, was not filed for record until August 1, 1939, by which time the value of the land had about doubled, due to development in oil and general improvement in economic conditions in that section.

On August 5, 1939 the appellant, Maple Wilson, instituted this suit in the District Court of Hockley County as an action in trespass to try title to recover title and possession of said tract No. 10, naming the appellees, Texas Pacific Coal and Oil Company and Rains County, as defendants. The sole basis of appellant's suit was a collateral attack upon the above trustee's sale.

The appellees answered by general demurrer, general denial, a plea of not guilty and a plea of four year limitations.

In a supplemental petition the appellant, by a plea of tender, offered to do equity by the appellees. By a supplemental answer the appellees challenged the sufficiency of such tender.

The cause was tried before the court without a jury. Under their plea of not guilty the appellees offered evidence not only on the issue as to the validity of the substitute trustee's sale, but also upon their alternative defenses of rescission, abandonment and estoppel. The appellee Texas Pacific Coal and Oil Company, in addition, offered evidence upon its defense of innocent purchaser. The court rendered judgment that the appellant, Maple Wilson, take nothing by his suit. From such judgment this appeal is prosecuted.

The appellant attacks the validity of the trustee's sale because (1) E. M. Mason was not duly and properly constituted trustee under the terms of the deed of trust, (2) that since he was county judge he was disqualified to act as substitute trustee, and (3) that the various prerequisites prescribed in the deed of trust were not performed in making the trustee's sale.

We have concluded that this case is controlled by the approved holding of this court in Smith v. Elliott et al., 149 S.W.2d 1067, writ of error refused, in which this court had under consideration an almost identical fact situation with the same ques-

872

tions of law involved. In the Smith case this court passed upon the same orders of the commissioners court as are here involved. The deed of trust in the Smith case contains almost identically the same provisions as the deed of trust in the present case. The two cases involve trustee's sales made at the same time by the same substitute trustee. The evidence in each case was practically the same. The only distinction is that in the present case Rains County, instead of selling the land after purchasing it at the trustee's sale, retained it and rented it for the benefit of the school fund. Also in the present case the trial court filed findings of fact and conclusions of law in support of his judgment in which he sustained each of the alternative defenses of the appellees presented under their pleas of not guilty. In the Smith case no such findings or conclusions were requested or filed. With these two exceptions, which we think are immaterial, the two cases are practically identical. In fact, if they had been submitted at the same time we could have disposed of both of them in one opinion. We therefore deem it unnecessary to further elaborate upon the same issues and adopt the opinion of the Smith v. Elliott case as our opinion in this case and upon such authority overrule all of appellant's propositions and assignments of error.

The judgment is affirmed.