### SIMMONS v. RATLIFF et al.

No. 5638.

Court of Civil Appeals of Texas. Amarillo.

Sept. 18, 1944.

Rehearing Denied Oct. 17, 1944.

Robert A. Sowder, of Lubbock, for appellant.

Wm. K. Hall, of Fort Worth, and H. D. Garrett, of Emory, for appellees.

STOKES, Justice.

This action was instituted by the appellant in trespass to try title to a labor of land located in Hockley County and being a portion of four leagues granted to Rains County as county school land and patented on May 26, 1885.

On January 28, 1930, Rains County, acting through its commissioners' court, sold and conveyed the tract involved, being Labor 19 in League 44, to R. M. McCallon, the consideration being $3474, evidenced by a note for the full amount, due and payable forty years from date, bearing interest at the rate of five per cent per annum, the interest payable in advance on the first of October of each year. A vendor's lien was reserved in the deed to secure the payment of the purchase price. Both the deed and note provided that failure to pay any instalment of the interest within one hundred twenty days after it became due should, at the option of the owner, mature the entire note. As additional security, McCallon executed a deed of trust in which he conveyed the land to John T. Rushing, trustee, and the deed of trust likewise contained the acceleration clause and the usual provisions for sale by the trustee at the request of the holder upon default in the payment of any instalment of interest. McCallon conveyed the land to Maple Wilson on January 31, 1930, and on February 12, 1930, Wilson conveyed it to appellant, A. C. Simmons, for $868.50 in cash, the execution of certain notes, and the assumption by appellant of the note for $3474 owing to Rains County as a part of the original purchase price. John T. Rushing, the original trustee in the deed of trust, died in 1931. On January 11, 1933, the Commissioners' Court of Rains County appointed the county judge, E. M. Mason, as substitute trustee, as authorized by the deed of trust, and on November 8, 1934, default having been made in the payment of interest, the commissioners' court entered an order directing him to advertise and sell the land on the first Tuesday in December, 1934. In compliance with his instructions, Mason, as substitute trustee, sold the land to Rains County on December 4, 1934, for a consideration of $400, and on December 12, 1934, he executed a trustee's deed in which the land was conveyed back to Rains County.

On January 23, 1935, the Commissioners' Court of Rains County sold the tract of land here involved to appellee, Carl E. Ratliff, the consideration being $1556.09 cash and the assumption of current and delinquent taxes in the sum of $180.91, authorized the county judge, E. M. Mason, to execute a deed on behalf of the county, and on February 6, 1935, Mason executed a deed which was accepted by the appellee and placed of record in the deed records of Hockley County.

The suit was filed August 5, 1939 against appellee, Carl E. Ratliff, and J. B. McCollough, the latter being later dismissed, and Rains County was made a party defendant. The appellees made common defense under the general issue of not guilty. A jury was impaneled but at the close of the testimony, upon motion of the appellees, the court instructed the jury to return a verdict in their favor and, upon the return of such verdict, judgment was entered accordingly, to which the appellant duly excepted, gave notice of appeal, and the case is now before us for review.

Appellant contends that the court erred in giving a peremptory instruction in favor of the appellees, the principal contentions being that such an instruction was not warranted because (1) under the law of this State, the county treasurer and not the Commissioners' Court of Rains County was authorized to appoint E. M. Mason as substitute trustee and declare a default in the payment of the interest due under the deed of trust executed by McCallon in the first sale; (2) Mason, being the county judge of Rains County, was not qualified

to act as substitute trustee; (3) the substitute trustee's sale to Rains County in the foreclosure proceedings violated the statute of frauds because the deed was not executed until eight days after the sale; (4) there was no showing that notices of the sale were posted by the substitute trustee, as required by the deed of trust; and (5) the original contract of sale between Rains County and McCallon was novated by the commissioners' court by order duly entered on January 30, 1932, in which the payment of delinquent interest was extended for ten years.

Appellant's first contention, that the county treasurer of Rains County, and not the commissioners' court, was authorized to declare a default by appellant under the deed of trust executed by McCallon, which was assumed by appellant when he purchased the land, is based upon Article 1710, R.C.S.1925, which provides: "The county treasurer shall keep a true account of all receipts and expenditures of all moneys which shall come into his hands by virtue of his office, and of the debts due to and from his county; and direct prosecutions according to law for the recovery of all debts that may be due his county, and superintend the collection thereof."

■■■ Under the quoted statute, the county treasurer does have authority over certain funds of the county and authority to direct the prosecution of suits for the collection thereof, and such authority has been upheld by the courts. Trustees of Lytle School Dist. v. Haas, County Judge, 24 Tex.Civ.App. 433, 59 S.W. 830. The authority given to the county treasurer by the statute is not exclusive, however, and it has always been the law in this State that the tribunal which we now designate as the commissioners' court is the executive head of the county and vested with authority to determine when suits or other actions should be instituted to recover funds belonging to the county, or any other suit involving the rights or property of the county. Looscan v. County of Harris, 58 Tex. 511; Ehlinger, County Judge, v. Clark, 117 Tex. 547, 8 S.W.2d 666; Delta County v. Blackburn, 100 Tex. 51, 93 S.W. 419. Without attempting to specify the nature of any claims or suits over which the county treasurer may have exclusive jurisdiction, it is sufficient to say that, unquestionably, the commissioners' court has at least concurrent jurisdiction over such matters as those involved here and its action in de-

claring the indebtedness due and instructing its trustee to foreclose the deed of trust lien involved in this case was fully authorized by the law.

Section 18 of Article V of our Constitution, Vernon'sAnn.St., provides: "The county commissioners so chosen, with the county judge, as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed."

In the case of Ehlinger v. Clark, supra, our Supreme Court had occasion to discuss the constitutional provision relating to authority of commissioners' courts and held that the Constitution undoubtedly confers upon the county, through its commissioners' court, authority to determine when default is made in the performance of any contract by the vendee of land when sold or the payment of notes when executed by such vendee, and generally has such powers as an individual would have under like circumstances. It observed further that various articles of the statutes show that the county commissioners' court is the active governing body of the county and that its jurisdiction touches in some respects almost every feature of the county's business. We think it is clear, therefore, that the commissioners' court had authority and jurisdiction over the sale to McCallon, the foreclosure of the deed of trust executed by him, including the determination as to whether the trustee should be instructed to make the sale and when the same should be consummated. The fact that the county treasurer may have had some authority in connection with the matter did not deprive the commissioners' court of its rights and powers.

■■■ The second contention presented by appellant's brief is that E. M. Mason, being the county judge of Rains County, was not qualified to act as substitute trustee under the McCallon deed of trust. This identical question was presented to this Court in the case of Smith v. Elliott, 149 S.W.2d 1067, and again in Wilson v. Texas Pacific Coal & Oil Co., 154 S.W.2d 870. In the latter case the identical deed of trust was involved that is involved in the instant case, and in both of the cited cases the contention here made by appellant was overruled, our holding being to the effect that E. M. Mason was not disqualified to act

as trustee in the deed of trust and exercise the powers therein granted. We have again investigated the question, however, and find no reason to change our holding in the former cases.

Appellant next contends that the substitute trustee's sale violated the statute of frauds because he did not execute a deed conveying the land until eight days after the sale and there was no showing that a memorandum in writing was signed by the purchaser at the time the sale was made. The testimony does not show that no memorandum was made and signed by the purchaser and if such was necessary, in the absence of proof to the contrary, it will be presumed that the trustee performed his duties in a lawful manner. Furthermore, even if it were necessary that a memorandum be signed at the time of the sale, or the deed be immediately executed and delivered, the failure to do so was waived when the deed was executed, delivered, and accepted by the purchaser, and the statute of frauds had no further application. Thomason v. Pacific Mut. Life Ins. Co. of California, Tex.Civ.App., 74 S.W.2d 162; Campdera v. Reed, Tex.Civ.App., 131 S. W.2d 297. Appellant's contention here constitutes a collateral attack upon the sale, and the defense under the statute of frauds being a personal one may be waived by the party entitled to enforce it. Landis v. W. H. Fuqua, Inc., Tex.Civ.App., 159 S.W.2d 228. The record in this case shows that eight days after the sale was made, the trustee executed his deed and it was accepted by the county, who was the purchaser at the sale. This constituted a waiver of any defects in the sale, if there were any, and placed the title to the land in Rains County as fully and completely as it would have done if the deed had been executed and delivered immediately after the sale was made.

The next contention presented by appellant questions the sufficiency of the evidence in reference to the posting of the three notices of the foreclosure and sale by E. M. Mason under the McCallon deed of trust. The trustee's deed executed by Mason as substitute trustee states that the trustee proceeded to sell the property at public auction on the fourth day of December, 1934, after having given public notice of the time, place, and terms of such sale and posting written notices thereof for three consecutive weeks prior to the day of sale in three public places in the county, one of which was at the courthouse door. This is in accordance with the requirements of the deed of trust, which also provides that in any deed given by any trustee or substitute trustee, any and all statements of facts or other recitals therein made as to the sale having been duly published shall be taken by any and all courts of law and equity as prima facie evidence that such statements or recitals state facts and are without further question to be accepted. It was essential, of course, that the fact be established that notices of the sale were duly published in accordance with the deed of trust, and it was established prima facie when the trustee's deed containing the provisions and declarations above mentioned was introduced in evidence. The only evidence offered by appellant to rebut the prima facie case thus established was the testimony of W. F. Cook, who testified that he lived within some two hundred fifty yards of the Fairview Church, where it was claimed one of the notices was posted. Cook testified that he attended religious services at the church almost every Sunday and that he had seen notices of land sales posted on the church during the years 1933, 1934, and 1935, but that he did not remember having seen such notices more than once. The testimony showed that other sales of Rains County school land were made under deeds of trust and that notices of such sales were posted on the Fairview Church. Appellant contends that this testimony was sufficient to overcome the prima facie case made by the trustee's deed, but, in our opinion, the contention cannot be sustained. Rains County v. Spears, Tex.Civ.App., 120 S.W.2d 867. The most that can be said of Cook's testimony is that it was a mere circumstance and even then it is highly possible that the notice which he saw posted on the church was the notice of the sale involved in this case. In addition to the prima facie case made by the trustee's deed, however, the testimony shows quite positively that the notice was posted in the place mentioned. E. M. Mason testified that on October 8, 1934, the commissioners' court instructed him to advertise and sell the land on the first Tuesday in December following. He said that immediately after the commissioners' court adjourned he prepared the notices of sale and forwarded them to Bob Ford at Levelland with the request that they be properly posted. Bob Ford testified that he received the notices on November 11, 1934, and posted them the next day, one of which he

posted on the front of the Fairview Church, one at the courthouse door, and another on the door of Woolam's Garage at Smyer. In our opinion, this testimony establishes the fact that the notices were properly posted and that the testimony offered by appellant was wholly insufficient to raise a serious question concerning that feature of the foreclosure proceedings.

 Appellant offered in evidence a copy of an order passed by the Commissioners' Court of Rains County on January 30, 1932, by which the payment of interest for the years 1930 and 1931 due Rains County upon notes held by it as part of the purchase price for lands theretofore sold was extended for a period of ten years upon condition that all taxes on the land be paid by the owners and the payment of the interest due for the year 1932. The order provided that failure to pay the interest due for that year should have the effect of declaring the interest for the years 1930 and 1931 due and that the extension as to such defaulting parties should be of no force and effect. The court sustained the appellees' objection to the introduction of the order and this action of the court constitutes the basis of appellant's contention that the original contract of sale between Rains County and R. M. McCallon was novated and the payment of delinquent interest extended for ten years. The record shows that appellant had paid the interest for 1930 and 1931, but he contends that inasmuch as he had paid it, the effect of the order was to credit those payments on the interest due for the following two years. He argues that it cannot be presumed that the commissioners' court intended to discriminate in favor of some of the citizens of Rains County and against others and that, therefore, the legal effect of the order was to extend his interest along with that which was due by others and not paid. He contends further that if the order had the effect contended for by him, then the interest for following years was not delinquent and the county had no right to foreclose the deed of trust and such foreclosure was void and of no force or effect. We cannot agree with appellant in this contention and find no error committed by the court in excluding the order. It is clear the order referred only to interest that was then delinquent and, as we have stated, the record shows appellant had paid the interest for the two years mentioned before the order was entered. It is clearly shown by the order itself that the reason for its entry was the general financial depression and low prices of farm products during the years 1930 and 1931, by reason of which the interest due the County on various notes given for the purchase price of land had become delinquent, and the order was passed by the commissioners' court in order to relieve the owners of such lands and prevent foreclosures or repossession by the County. Inasmuch as appellant had been able to pay the interest which he owed the County, he did not come within the class of those debtors contemplated by the court and covered by its order extending the interest for the years mentioned.

We have carefully examined all of the contentions presented by appellant and, in our opinion, the court properly instructed the jury to return a verdict for the appellees. Its judgment will therefore be affirmed.