## RAINS COUNTY v. HENSON.
### No. 5639.

Court of Civil Appeals of Texas. Amarillo.
Sept. 25, 1944.

Rehearing Denied Oct. 30, 1944.

Wm. K. Hall, of Fort Worth, and Carl E. Ratliff, of Levelland, for appellant.

690

Nelson & Brown and Robt. A. Sowder, all of Lubbock, for appellee.

PITTS, Chief Justice.

The State of Texas granted four leagues of land situated in Hockley County to Rains County for school purposes, among which was League 45. On May 26, 1885 the State issued a patent therefor to the grantee and the same was filed for record in Hockley County on February 3, 1920. On October 22, 1927 the Commissioners Court of Rains County subdivided the leagues into labors and had a plat thereof made, which appears in this record as the official plat of the Rains County School Land in Hockley County.

On May 8, 1928 the County of Rains, acting through its Commissioners Court, by an order passed and entered in its minutes of date May 4, 1928, sold and conveyed by its County Judge to Charles C. Crenshaw several of the labors into which the leagues had been subdivided, among which was Labor 22 in League 45, in Hockley County. The labor was conveyed in two deeds—the East Half in one and the West Half in the other. Each deed recited a consideration of $2,134.65, evidenced by a note due on or before forty years from December 1, 1928, with interest at the rate of five per cent per annum, payable annually in advance on the first day of December of each year, and each deed retained a vendor's lien to secure the payment of the purchase price of the land described therein.

Charles C. Crenshaw, the above-named grantee, executed a deed of trust to John T. Rushing, trustee, who was the county judge of the said county, covering all of the said Labor 22. The deed of trust recited that it was given to secure the payment of one note executed by Crenshaw for the sum of $4,269.30, but it is clear from the record that the indebtedness secured by it was the same as that which was evidenced by the two vendor's lien notes above mentioned. The said note was made for the amount of the purchase price of all of Labor 22 and was made payable on December 1, 1968, with interest payable annually in advance at the rate of five per cent per annum. Both the note and the deed of trust expressly provided that there was to be no personal liability on the part of Charles C. Crenshaw by virtue of the said note but that Rains County was to look to the land only for payment of the purchase price. The deed of trust also contains an acceleration clause which conforms to the provisions in the deed and vendor's lien note for declaring the indebtedness due upon default in the payment of interest in advance or failure to observe and keep any of the covenants thereof in which event the usual power of sale by the trustee was provided.

On May 4, 1928, being the same date the Rains County Commissioners Court ordered the sale of Labor 22 to Charles C. Crenshaw, the said Crenshaw conveyed Labor 22 to appellee, C. H. Henson, for a recited consideration of $1,321.45 in cash and the assumption of the said note for $4,269.30, and the said deed of conveyance recites specifically that: "Said note is also secured by deed of trust to secure the payment of said note, to which deed of trust and the record thereof reference is here made for all pertinent purposes."

John T. Rushing, the original trustee in the deed of trust, died in 1931; the appellee, C. H. Henson, defaulted in the payment of the interest on the indebtedness he had assumed and agreed to pay, Crenshaw having paid one installment of interest on December 1, 1928, and appellee, Henson, having paid four installments of interest due December 1, 1929, December 1, 1930, December 1, 1931 and December 1, 1932, and permitted the taxes to become delinquent on the land for the years 1932 and 1933. E. M. Mason, who was then County Judge of Rains County, was by order of the Commissioners Court of Rains County appointed substitute trustee on January 11, 1933, and on January 5, 1935 he was again designated trustee and directed to sell the land in controversy under the deed of trust. On February 5, 1935, E. M. Mason as substitute trustee sold the land and executed a trustee's deed to Rains County for a recited consideration of $400 in cash. The deed was acknowledged on February 9, 1935 and was recorded in Hockley County on February 11, 1935. Rains County repossessed the land after the substitute trustee's sale, collected the Government checks for 1935 and rented the land to a tenant for 1936 and for subsequent years. It executed an oil and gas lease on the land in November, 1935 and has since rendered the land for taxes and paid taxes on the same. The record discloses that some time later there were oil developments in the vicinity of the land in question and the value of the said land was thereby increased.

On October 23, 1939 appellee, C. H. Henson, instituted this suit as an action in trespass to try title against the appellant, Rains County, and against Texas Pacific Coal & Oil Company and Charles C. Crenshaw, but dismissed as to the last two defendants before the case was tried.

Appellant answered by general denial, a plea of not guilty and a plea of four years limitation.

In a supplemental petition appellee by a plea of tender offered to do equity by the appellant. By a supplemental answer the appellant challenged the sufficiency of such a tender.

The cause was tried before a jury beginning on February 24, 1944. At the close of the evidence each party filed a motion for an instructed verdict. The trial court granted appellee's motion and overruled appellant's motion. Upon the instructed verdict for appellee the trial court rendered judgment accordingly on March 6, 1944, vesting title to and possession of the land in appellee, conditioned upon the payment by appellee to the appellant of the sum of $3,658.67 within ninety days after final judgment. Appellant filed a motion for a new trial which was overruled by the trial court and an appeal has been perfected to this court.

Appellant attacks the judgment of the trial court for its finding that the deed executed by E. M. Mason as substitute trustee in February, 1935, conveying the land by trustee's sale to Rains County, was void and did not divest appellee of the title to the said land.

■ We have concluded that this case is controlled by the approved holdings of this court in the cases of Smith v. Elliott et al., 149 S.W.2d 1067, writ refused; Wilson v. Texas Pacific Coal & Oil Co. et al., 154 S.W.2d 870, writ refused; and A. C. Simmons v. Carl E. Ratliff et al., 182 S.W.2d 827, handed down by this court on Monday of last week, all of which cases, together with the case of Rains County v. Spears et al., Tex.Civ.App., 120 S.W.2d 867, originated in Hockley County and out of defaults in the payment of contract prices assumed in the sale of Rains County School Land.

The fact situations are almost identical with those in the above-cited cases and the questions of law are the same as those heretofore passed upon by this court and two of them heretofore passed upon by the Supreme Court by the refusal of writs of error. In those cases this court passed upon the identical orders of the Commissioners Court that are here involved. The deeds of trust in those cases contained almost identically the same provisions as the deed of trust in this case. The cases involve trustee's sales made by the same substitute trustee, the orders directing the sale are in substantially the same language and the evidence introduced was practically the same. It is a well-settled rule that an appellate court may take judicial knowledge of its own records and judgments rendered in cases involving the same subject matter. Cochran County et al. v. Boyd et al., Tex.Civ.App., 26 S.W.2d 364; Victory et al. v. State, 138 Tex. 285, 158 S.W.2d 760, and authorities there cited.

■■ Appellee tries to make a distinction between this case and the others by pointing out that the deed executed by Charles C. Crenshaw conveying the land in question to appellee provides for the assumption of a note of date "May 4, 1927" and "in the principal sum of Four Thousand Sixty-nine and 30/100 ($4,269.30) Dollars," whereas, the record shows conclusively, and Charles C. Crenshaw testified, that only one note was executed and that it was executed of date May 4, 1928 for the sum of $4,269.30. The entire record convinces us that the above inconsistencies were merely inadvertent errors made by whoever drew the deed conveying the land from Crenshaw to appellee.

The record also reveals that when appellee purchased the land in question he assumed the payment of the outstanding indebtedness against it in the sum of $4,269.-30 as a major part of the purchase price and agreed to pay it. By the acceptance of the deed reciting his assumption of the payment of the single note for $4,269.30 secured by the deed of trust, Henson agreed that, whatever may have been the original form of the purchase-money indebtedness, and however it may have been secured, it should be considered as consolidated into one indebtedness and secured by one deed of trust on the entire labor. It is well settled that as a matter of law a person who assumes and agrees to pay the outstanding indebtedness as a part of the purchase price of the land in a case such as this cannot later contest the validity of the agreement because of some apparent defect such as inconsistencies or typographical errors or omissions like those above referred to in

692

this case or any other of such a nature. McMullan v. San Antonio Joint Stock Land Bank, Tex.Civ.App., 78 S.W.2d 669, writ refused; Graham v. Oakes et al., Tex.Civ. App., 32 S.W.2d 916, writ refused; Rice-Stix Dry Goods Co. v. First Nat. Bank of McGregor, Tex.Com.App., 231 S.W. 386; Jones on Mortgages, Eighth Edition, Vol. 2, sec. 928, and other authorities cited in these cases.

We believe the sale made by E. M. Mason as substitute trustee in February, 1935 conveying the land in question to Rains County was a valid sale and divested appellee of title to the land and that the trial court was in error when it instructed a verdict for appellee and rendered judgment for him. . We further believe that the . trial court should have sustained appellant's motion for an instructed verdict and rendered judgment for it. The judgment of the trial court is therefore reversed and judgment here rendered for appellant and that appellee take nothing by his suit.

Reversed and rendered.