## MATTHEWS v. RAINS COUNTY.

### No. 5817.

Court of Civil Appeals of Texas. Amarillo.

Nov. 10, 1947.

Rehearing Denied Dec. 15, 1947.

Robt. A. Sowder, F. D. Brown and Nelson & McCleskey, all of Lubbock, for appellant.

E. T. Adair, of Fort Worth, for appellee.

LUMPKIN, Justice.

This action in trespass to try title to a labor of land situated in Hockley County, Texas, was instituted by the appellant, James E. Matthews, against the appellee, Rains County. The principal law question involved on this appeal is the validity of a substitute trustee's sale made under a duplicate deed of trust to secure a purchase money note. The labor of land, described as Labor 22 in League 43, is a portion of the four leagues of Hockley County land granted Rains County by the State for school purposes. A patent to these four leagues was issued May 26, 1885, by the State in favor of Rains County; and on February 3, 1920, this patent was filed for record in Hockley County.

This case was tried to a jury; but upon completion of the testimony, the court granted the appellee's motion for an instructed verdict, and judgment was rendered whereby the appellant was to take nothing by his suit. To this judgment the appellant duly excepted and has perfected his appeal to this court.

From the record it appears that on October 12, 1927, Charles C. Crenshaw made application to the Commissioners' Court of Rains County to purchase various tracts of the Hockley County school land, including Labor 22 of League 43. Two days later the Commissioners' Court approved Crenshaw's application and authorized the county judge to execute and deliver the necessary deeds but ordered that such deeds should not be delivered until Crenshaw had executed vendor's lien notes for the purchase price of the land and deeds of trust to Rains County. On November 5, 1927, Crenshaw signed a vendor's lien note in the amount of $2,659.50, made payable to the County Treasurer of Rains County. The note recited that is was given in payment of Labor 22, League 43 of the Rains County school lands. The deed to this tract, together with Crenshaw's deed of trust, was lost. Neither was placed of record.

Subsequently, on May 4, 1928, Crenshaw conveyed this land to B. G. Holloway, who assumed both the vendor's lien note and the deed of trust; and on June 1, 1928, Holloway conveyed the land to the appellant, who in turn assumed the purchase indebtedness. Later Crenshaw made application to the Commissioners' Court for a duplicate deed; and on November 11, 1929, it appearing to the Court that Crenshaw was tendering a duplicate deed of trust, the Court ordered the county judge to execute and deliver to Crenshaw a duplicate warranty deed to Labor 22 in League 43 of the Rains County school lands. The duplicate deed of trust and the duplicate warranty deed were recorded in Hockley County.

At the time these events took place, John T. Rushing, county judge of Rains County, was the trustee named in the deed of trust executed by Crenshaw. Several years later Rushing died. At a time when neither the interest nor the taxes had been paid for three years on Labor 22 in League 43, the Commissioners' Court appointed a substitute trustee and directed him to sell the land under the deed of trust. On October 3, 1933, a trustee's sale was held. Rains County purchased Labor 22 of League 43, paid the delinquent taxes, and since that time has had full and complete possession of the land.

The appellant attacks the court's judgment in ten points of error. In his first, second, third, and sixth points the appellant bases his contention on the fact that the land in question was transferred to the appellant prior to the time Crenshaw executed the duplicate deed of trust. Although the appellant admits he is bound by the original deed of trust, he argues he is not bound by the trustee's sale held under the duplicate deed of trust. From what follows it will be seen that we do not agree with the appellant in this contention; in our opinion he is not only charged with notice of and bound by the original deed of trust, but in a like manner he is charged with notice of and bound by the duplicate deed of trust.

■■ It is elementary that the appellant can assert no greater rights in the land than could have been urged by Crenshaw and Holloway, his predecessors in title. Crenshaw's purchase was predicated upon his strict compliance with the order of the Commissioners' Court, which directed the county judge to execute the deed only when Crenshaw had signed a vendor's lien note and a deed of trust to Rains County. Since a county can be divested of its title to school land only by a strict compliance with the terms of the Commissioners' Court order authorizing the sale, the order of October 14, 1927, is as important to the appellant in his chain of title as it was to Crenshaw and Holloway. Gallup et al. v. Liberty County, 57 Tex.Civ.App. 175, 122 S.W. 291, writ refused; Pulliam v. Runnels County, 79 Tex. 363, 15 S.W. 277. The appellant was bound by the recitals, terms, and provisions of this order to the same extent as Crenshaw; and when Crenshaw executed the original deed of trust, he bound the appellant as well as himself. City of Dallas v. Rutledge et al., Tex.Civ. App., 258 S.W. 534. Moreover, the appellant's immediate predecessor in title, Holloway, in his deed from Crenshaw expressly accepted and assumed the payment of the vendor's lien note secured by the original deed of trust. As can be seen from this portion of the deed given the appellant by Holloway, the appellant assumed the purchase money indebtedness on the land. "* * * and the assumption * * * by the grantee of the payment of one certain vendor's lien note executed by Charles C. Crenshaw * * * payable to the order of the County Treasurer of Rains County, Texas * * * in the principal sum of $2,659.50, interest payable annually in advance at the rate of 5% per annum. * * *"

■■ It is a well established principle of realty law that a purchaser is charged with notice of the existence, contents, and legal effect of all instruments contained in or connected with his chain of title. He is bound by every matter contained in or fairly disclosed by any instrument which forms an essential link in the chain of title under which he claims. As one of the prerequisites of sale, as set forth by the Commissioners' Court in its initial order, the appellant is charged with notice of the deed of trust. He is again charged with notice in the recitation in the deed given Holloway by Crenshaw. The appellant would be charged with this knowledge even though he had never read these instruments or had any actual knowledge of their contents, and this would be true regardless of whether the instruments were recorded. Both of these instruments are essential links in the appellant's chain of title and, as a matter of law, he is charged with knowledge of and bound by the original deed of trust. City of Dallas v. Rutledge et al., supra; Smith v. United States, 5 Cir., 153 F.2d 655; Williams v. Harris County Houston Ship Channel Nav. Dist., 128 Tex. 411, 99 S.W.2d 276, 110 A.L.R.

59; W. T. Carter & Bro. et al. v. Davis et al., Tex.Civ.App., 88 S.W.2d 596, error dismissed.

Now let us examine the duplicate deed of trust. It is uncontradicted that this instrument contains essentially the same provisions as the original deed of trust. The Commissioners' Court, in its order of November 11, 1929, stated that the original deed of trust had been lost or destroyed before being recorded and ordered the county judge to execute a duplicate deed with the same provisions as in the original deed. The duplicate deed executed by the county judge to Crenshaw contained this provision: " * * * and for the purpose of securing the payment of said note a vendor's lien is expressly retained herein against the land hereinafter conveyed and described and by a trust of even date herewith on said lands executed by the said Charles C. Crenshaw, to the said John T. Rushing, as trustee, for the use and benefit of Rains County, Texas, together with the power and right and substitution". It is not disputed that the duplicate deed contained practically the same provisions as the original deed.

■■ The record reveals that neither the appellant nor anyone else ever paid any part of the purchase price to Rains County. Therefore, even though Crenshaw himself had parted with title to the property, so long as any portion of the purchase money indebtedness remained unpaid, Crenshaw had the right to execute renewal or new deeds of trust securing such indebtedness upon such terms as he and Rains County might agree, and such would be binding on all holding under him. Texas Co. et al. v. Tucker et al., Tex.Civ.App., 129 S.W.2d 762, writ refused; Richmond et al. v. Nowlin et al., Tex.Civ.App., 135 S.W.2d 521, Dism. Judgm. Cor. Having purchased his interest in the land with full knowledge of the existence of the original deed of trust and of the unpaid vendor's lien indebtedness secured thereby, the appellant is charged with the knowledge that Crenshaw and Rains County could by agreement renew, extend, or execute a duplicate deed of trust securing the unpaid purchase money. Allison-Richey Gulf Coast Home Co. v. Welder et al., Tex.Civ.App., 220 S.W. 392.

In the writing of the duplicate deed of trust, no new provisions were included and no attempt was made to increase or otherwise change the purchase money obligation; the duplicate deed of trust contained essentially the same provisions as the original deed of trust and secured the same indebtedness. In our opinion the provisions of the duplicate deed of trust were as binding on the appellant as those in the original deed of trust, and for the reasons given all the appellant's points of error in this connection are overruled.

■■ Next, the appellant questions the validity of the substitute trustee's sale. This is the sixth case to reach this court in which the validity of substitute trustee's sales to various tracts of the Rains County school lands has been questioned. In each of the five preceding cases this court sustained the validity of the sales. In three of these cases this court held that in the absence of proof to the contrary, the introduction of the trustee's deeds containing recitals therein as to the regularity of the sales makes a prima facie case as a matter of law. Rains County v. Spears et al., Tex.Civ.App., 120 S.W.2d 867; Smith v. Elliott et al., Tex.Civ.App., 149 S.W.2d 1067, writ refused; Simmons v. Ratliff et al., Tex.Civ.App., 182 S.W.2d 827, writ refused. The other two Rains County school land cases are Wilson v. Texas Pacific Coal & Oil Co. et al., Tex.Civ.App., 154 S.W.2d 870, writ refused; Rains County v. Henson, Tex.Civ.App., 183 S.W.2d 689, writ refused. The appellee introduced the duplicate deed of trust as well as the trustee's deed, in which it was set forth that on October 3, 1933, the land in question was sold at public auction to the highest bidder for cash, after notice of the time, place and terms of the sale had been posted in three public places in Hockley County for more than twenty-one days before the day of the sale. It was not disputed that the trustee's deed recites facts which were true and correct. The appellant, under his seventh point of error, argues that the regularity of the trustee's sale under the duplicate deed of trust was a jury question not subject to a peremptory instruction. The appellant offered nothing in rebuttal to the prima facie case made by the appellee. Therefore, as

a matter of law, the sale was valid. There was no question to be determined by a jury, and the appellant's seventh point of error is overruled.

The appellant's remaining points of error are in the nature of answers to the appellee's alternate defenses: (1) Invalidity of the sale to Crenshaw; (2) Recission of the executory contract of sale; (3) The appellant's abandonment under the executory contract; (4) Estoppel of appellant to maintain this suit; and (5) The four year statute of limitation. Since we have held that the substitute trustee's sale under the duplicate deed of trust was valid and extinguishes all rights the appellant may have had in Labor 22 of League 43, it is unnecessary to discuss the appellant's remaining contentions.

We have carefully examined the record in this case. Finding no error, we affirm the judgment of the court below.