OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

April 15, 2002

The Honorable Bobbye C. Hill
Wheeler County Attorney
P.O. Box 469
Wheeler, Texas 79096

Opinion No. JC-0490

Re: Whether a member of a school district board of trustees may simultaneously hold the office of county treasurer (RQ-0458-JC)

Dear Ms. Hill:

You have requested our opinion as to whether a member of the board of trustees of an independent school district may simultaneously hold the office of county treasurer. For the reasons explained below, we conclude that she may do so.

You indicate that on May 5, 2001, a particular individual was elected to fill the balance of a three-year term as a trustee of the Wheeler Independent School District. Subsequently, she was appointed by the Commissioners Court of Wheeler County to fill the balance of a four-year term as Wheeler County Treasurer. You ask whether she may simultaneously hold both positions.

Article XVI, section 40 of the Texas Constitution provides that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument." Both of the positions of which you inquire are "offices," in that the holders thereof exercise a sovereign function of government "largely independent of the control of others." *See Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955). An "emolument" for purposes of article XVI, section 40, has been described as "a pecuniary profit, gain or advantage." *Irwin v. State*, 177 S.W.2d 970, 973 (Tex. Crim. App. 1944). It includes any amount received in excess of actual expenses. Tex. Att'y Gen. Op. No. JM-1266 (1990) at 3; Tex. Att'y Gen. LO-95-001, at 2. Section 11.061 of the Education Code requires that trustees of an independent school district "serve without compensation." TEX. EDUC. CODE ANN. § 11.061(d) (Vernon 1996). Because the office of school trustee is therefore not an "office of emolument," it follows that an individual is not barred by article XVI, section 40 from simultaneously holding the offices of school trustee and county treasurer.

That does not end our inquiry, however. Common-law incompatibility is independent of article XVI, section 40. The doctrine has three aspects: self-appointment, self-employment, and conflicting loyalties. Tex. Att'y Gen. LO-95-029, at 2. Self-appointment and self-employment are not implicated here because the county treasurer neither appoints nor employs members of the board of trustees. Neither does the board of trustees appoint or employ the county treasurer. The third aspect of common-law incompatibility—conflicting loyalties—is based on the 1927 decision in

*Thomas v. Abernathy County Line Independent School District*, 290 S.W. 152 (Tex. Comm'n App. 1927, judgm't adopted). There the court found the offices of school trustee and city alderman to be incompatible:

> In our opinion the offices of school trustee and alderman are incompatible; for under our system there are in the city council or board of aldermen various directory or supervisory powers exertable in respect to school property located within the city or town and in respect to the duties of school trustee performable within its limits– *e.g.*, there might well arise a conflict of discretion or duty in respect to health, quarantine, sanitary, and fire prevention regulations. If the same person could be a school trustee and a member of the city council or board of aldermen at the same time, school policies, in many important respects, would be subject to direction of the council or aldermen instead of to that of the trustees.

*Id.* at 153 (citations omitted).

Conflicting loyalties incompatibility has been applied by the attorney general on many occasions. It most often arises when one person seeks to be a member of two governing boards with overlapping jurisdictions. If, for example, two governmental bodies are authorized to contract with each other, one person may not serve as a member of both. Tex. Att'y Gen. Op. Nos. DM-311 (1994) (offices of county commissioner and school district trustee are incompatible); JM-634 (1987) (offices of city council member and school district trustee are incompatible). Conflicting loyalties may also arise where one governmental body has the authority to impose its will on the other in any matter whatsoever. *See Thomas*, 290 S.W. at 153; Tex. Att'y Gen. Op. No. JM-129 (1984) (membership on community college district board of trustees is incompatible with office of county commissioner).

Conflicting loyalties incompatibility has also been occasionally applied when one of the offices is not a local governing board, but some other official position. A county attorney may not, for example, serve on the board of trustees located within his county, because a county attorney is authorized to investigate matters and initiate actions involving school trustees. Tex. Att'y Gen. LO-95-029, at 4. For similar reasons, this office determined in Letter Opinion 98-094 that a district judge may not simultaneously serve as a school trustee of a district located within his jurisdiction. Tex. Att'y Gen. LO-98-094. On the other hand, in Attorney General Opinion JC-0216, we concluded that a municipal judge is not barred from serving as an elected junior college trustee. Tex. Att'y Gen. Op. No. JC-0216 (2000). This latter opinion was based in part on the court's decision in *Turner v. Trinity Independent School District*, 700 S.W.2d 1 (Tex. App.–Houston [14th Dist.] 1983, no writ), which held that the simultaneous holding of the offices of school trustee and justice of the peace does not violate the common-law doctrine of incompatibility. *Id.* at 2. Attorney General Opinion JC-0216 distinguished its holding from Letter Opinion 98-094 by noting that a municipal court, like a justice court, is one of limited jurisdiction. Tex. Att'y Gen. Op. No. JC-0216

(2000) at 2. We must therefore determine whether there are any duties ascribed to the office of county treasurer that would render its holding incompatible with that of school district trustee.

The county treasurer is the "chief custodian of county funds," who "shall keep in a designated depository and shall account for all money belonging to the county." TEX. LOC. GOV'T CODE ANN. § 113.001 (Vernon 1999). As chief custodian of county funds, the treasurer's duty is to "keep an account of the receipts and expenditures of all money that the treasurer receives by virtue of the office and of all debts due to and owed by the county." *Id.* § 113.002. The treasurer is to "receive all money belonging to the county from whatever source it may be derived." *Id.* § 113.003. "The fees, commissions, funds, and other money belonging to a county shall be deposited with the county treasurer by the officer who collects the money," and the "county treasurer shall deposit the money in the county depository in a special fund to the credit of the officer who collected the money." *Id.* § 113.021(a)-(b). The treasurer is also directed to "disburse the money belonging to the county," and to "pay and apply the money as required by law and as the commissioners court may require or direct, not inconsistent with law." *Id.* § 113.041(a) (Vernon Supp. 2002). *See Agan v. Comm'rs Court of Titus County*, 922 S.W.2d 640, 645-46 (Tex. App.–Texarkana 1996, writ granted), *aff'd in part, rev'd in part*, 940 S.W.2d 77 (Tex. 1997) (disbursement of funds is one of the "core functions" of county treasurer's office and therefore treasurer has the "sole power" to disburse funds). The treasurer has a ministerial duty to endorse a warrant presented to her unless she has doubts about the "legality or propriety of an [instrument] presented . . . for payment." TEX. LOC. GOV'T CODE ANN. § 113.041(d) (Vernon Supp. 2002).

A number of other statutes peripherally relate to the duties of the county treasurer with respect to school funds, but all of these appear to prescribe purely ministerial duties. *See, e.g.,* TEX. AGRIC. CODE ANN. § 148.042 (Vernon 1982) (any sum recovered by suit on a slaughterer's bond "shall be deposited in the county treasury to the credit of the available school fund"); TEX. LOC. GOV'T CODE ANN. § 116.113 (Vernon 1999) (county treasurer shall "immediately deposit with the [county] depository to the credit of the county, district, or municipality any money received after the depository is designated"); TEX. REV. CIV. STAT. ANN. art. 2688i-1 (Vernon Supp. 2002) (school records in county with one county-wide independent school district and no common school district "shall be transferred to the control and custody of the independent school district office, located at the county seat, save and except the original financial records which shall be retained by the county treasurer"); TEX. EDUC. CODE ANN. § 17.97-App. (Vernon 1996) (in county in which county school administrative offices are abolished, original financial records shall be retained by county treasurer).

One duty of the county treasurer merits further discussion. Section 113.902 of the Local Government Code requires the county treasurer to "direct prosecution for the recovery of any debt owed to the county," and to "supervise the collection of the debt." TEX. LOC. GOV'T CODE ANN. § 113.902 (Vernon 1999). In *Trustees of Lytle School District v. Haas*, 59 S.W. 830 (Tex. Civ. App. 1900, writ dism'd), the court held that the County Treasurer of Atascosa County, rather than the Lytle School District, was the only official authorized to institute a suit to compel payment to the district of funds held by Medina County. At that time, however, a county treasurer was the "custodian of the school funds belonging to his county." *Id.* at 831. Under current law, the "trustees

of an independent school district constitute a body corporate and in the name of the district may acquire and hold real and personal property, *sue and be sued*, and receive bequests and donations of other moneys or funds coming legally into their hands." TEX. EDUC. CODE ANN. § 11.151(a) (Vernon 1996).

Conceivably, a county treasurer could initiate actions to recover funds owing to Wheeler County by the Wheeler Independent School District. *See* TEX. LOC. GOV'T CODE ANN. § 113.902 (Vernon 1999). The county treasurer's duty to prosecute such a suit is similar to a county attorney's duty to investigate matters and initiate actions involving school trustees, which this office concluded in Letter Opinion 95-029 would preclude a county attorney from holding the office of school trustee. But in this case, the county treasurer's authority is not exclusive. The commissioners court, as "the executive head of the county" and is thus "vested with authority to determine when suits or other actions should be instituted to recover funds belonging to the county." *Simmons v. Ratliff*, 182 S.W.2d 827, 829 (Tex. Civ. App.–Amarillo 1944, writ ref'd w.o.m.). In our opinion, the county treasurer's non-exclusive authority to initiate a suit to recover funds owed by the district to the county does not rise to the level of incompatibility considered in Letter Opinion 95-029. Because a county treasurer's authority to bring suit against an independent school district is limited to the recovery of funds owed by the school district to the county, and because even that limited authority is not exclusive, we conclude that conflicting loyalties incompatibility is not, as a matter of law, a bar to an individual's simultaneously holding the offices of county treasurer and trustee of an independent school district located within his or her county.

The situation is similar to that addressed in Letter Opinion 96-078. There, in holding that the common-law doctrine of incompatibility does not as a matter of law preclude a justice of the peace from serving as a part-time juvenile law master in the same county, this office cautioned that "conflicts may arise between the two positions," because "justice courts have limited jurisdiction over truancy matters," and because "[t]here may be other circumstances in which the jurisdiction of a justice court brings the justice of the peace into contact with matters pertaining to juvenile law or a particular juvenile matter." Tex. Att'y Gen. LO-96-078, at 3. The opinion accepted the justice's assertion that "he would ask the court 'to describe my duties in such a way that I would not have jurisdiction over a minor charged with truancy in any justice court.'" *Id.* Likewise, in the situation you pose, if it was determined that funds were owing to Wheeler County by the Wheeler Independent School District, the Commissioners Court, *see Simmons*, 182 S.W.2d at 829, would be the proper party to initiate suit to recover those funds.

We conclude that a county treasurer is not, as a matter of law, barred by either article XVI, section 40, or the common-law doctrine of incompatibility from holding the office of trustee of an independent school district within his or her county. We caution, however, that article XVI, section 65 of the Texas Constitution, may complicate such dual service in the long term. That provision effects the automatic resignation from office of certain county and district officers, including county treasurers, who announce their candidacy or become a candidate for another office of profit or trust "at any time when the unexpired term of the [county or district] office then held shall exceed one (1) year." TEX. CONST. art. XVI, § 65(b); *see also Ramirez v. Flores*, 505 S.W.2d 406, 409 (Tex. Civ.

App.–San Antonio 1973, writ ref'd n.r.e.) (holding that county commissioner automatically resigned under article XVI, section 65 of Texas Constitution when he applied to have his name placed on ballot as candidate for trustee of county independent school district while more than one year of his term as county commissioner remained).

## S U M M A R Y

A county treasurer is not, as a matter of law, barred by either article XVI, section 40 of the Texas Constitution, or by the common-law doctrine of incompatibility from simultaneously holding the office of trustee of an independent school district located within her county.

Very truly yours,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee