ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

August 8, 2014

The Honorable Rafael Anchia
Chair, Committee on International Trade and
   Intergovernmental Affairs
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-1075

Re: Simultaneous service in multiple official capacities of board members of the Maverick County Hospital District (RQ-1186-GA)

Dear Representative Anchia:

You ask whether members of the board of directors ("Board") for the Maverick County Hospital District ("District") are prohibited from simultaneously serving Maverick County in other official capacities by the Texas Constitution or the common-law doctrine of incompatibility.[1]

Article XVI, section 40(a) of the Texas Constitution provides that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument." TEX. CONST. art. XVI, § 40(a). An "emolument" for purposes of article XVI, section 40, is "a pecuniary profit, gain, or advantage." *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 931 (Tex. Crim. App. 1994) (orig. proceeding). The term "emolument" does not include the legitimate reimbursement of expenses. *See* Tex. Att'y Gen. Op. No. GA-1036 (2014) at 2. A Board position is unpaid. TEX. SPEC. DIST. CODE ANN. § 1118.056 (West 2013) (prohibiting compensation for Board members but allowing reimbursement for necessary expenses). Because the position is not one "of emolument," article XVI, section 40(a) of the Constitution does not bar a Board member from serving in another official capacity.

Apart from the Texas Constitution, the common-law doctrine of incompatibility prohibits dual public service in cases of self-appointment, self-employment, and conflicting loyalties. Tex. Att'y Gen. Op. No. GA-0849 (2011) at 1. The conflicting-loyalties prong, about which you ask, prohibits the simultaneous holding of two positions that would prevent a person "from

---

[1]Letter from Honorable Rafael Anchia, House Comm. on Int'l Trade & Intergov'tl Affairs, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Feb. 5, 2014), http://www.texasattorneygeneral.gov/opin ("Request Letter").

exercising independent and disinterested judgment in either or both positions."[2] Tex. Att'y Gen. Op. No. GA-0786 (2010) at 2 (relying on *Thomas v. Abernathy Cnty. Indep. Sch. Dist.,* 290 S.W. 152 (Tex. Comm'n App. 1927, judgm't adopted)).   As a threshold matter, in order for the conflicting-loyalties prong of the common-law doctrine of incompatibility to apply, each position must constitute an "office." Tex. Att'y Gen. Op. No. GA-0840 (2011) at 2.  A public officer is one to whom "'any sovereign function of the government is conferred . . . to be exercised by him for the benefit of the public largely independent of the control of others.'" *Aldine Indep. Sch. Dist. v. Standley,* 280 S.W.2d 578, 583 (Tex. 1955) (citation omitted).  The District "is created under the authority of Section 9, Article IX, Texas Constitution." TEX. SPEC. DIST. CODE ANN. § 1118.002 (West 2013).   The District "is a public entity performing an essential public function." *Id.* § 1118.003.  Board members are "elected by district voters" and serve a four-year term.   *Id.* § 1118.051(a)–(b).  "The management and control of the district is vested in the board," which "has full power to manage and control the district." *Id.* § 1118.104.  Thus, members of the Board are "public officers" for common-law incompatibility purposes.

Your first question involves a Board member serving as a commissioner of a municipal housing authority.[3]  Request Letter at 1.  We have previously concluded that a housing authority commissioner holds public office. *See* Tex. Att'y Gen. Op. No. JM-874 (1988) at 1–2 (citing *Hous. Auth. of Harlingen v. State ex. rel. Velasquez,* 539 S.W.2d 911, 915 (Tex. Civ. App.— Corpus Christi 1976, writ ref'd n.r.e.)).  Because both positions about which you ask are public offices, the common-law conflicting-loyalties analysis is appropriate.

In determining whether there are conflicting loyalties between two offices, "'the crucial question'" is whether holding both offices is "'detrimental to the public interest or whether the performance of the duties of one interferes with the performance of those of the other.'" Tex. Att'y Gen. Op. No. GA-0786 (2010) at 2 (quoting *State ex rel. Hill,* 887 S.W.2d at 930).  The District's main role is "to provide hospital and medical care to the district's needy residents." TEX. SPEC. DIST. CODE ANN. § 1118.101(a) (West 2013).  A municipal housing authority exists to clear out unsanitary or unsafe housing and "provid[e] . . . safe and sanitary housing for persons of low income." TEX. LOC. GOV'T CODE ANN. § 392.003(5) (West 2005).  While the scope of authority of the two entities does not overlap, the District is authorized to contract with housing authorities and vice versa. *See id.* § 392.052(c) (authorizing a housing authority to contract with a public entity to provide services for the occupants of a housing project); TEX. SPEC. DIST. CODE

---

[2]You do not ask about the self-appointment or self-employment aspects of incompatibility, but given that none of the positions at issue appoints or employs each other, neither aspect is applicable in this instance.

[3]In the specific example you provide, the individual was a housing authority commissioner when he was elected to the Board. Request Letter at 1.  You have not asked, and we do not address, what effect, if any, the election to the Board had on the housing authority position.  In any event, briefing received by this office indicates that the individual no longer serves as a housing authority commissioner. *See* Brief from Ricardo E. Calderon, Maverick Cnty. Hosp. Dist. Bd. of Dir., at 1–2 (Apr. 29, 2014) (on file with the Op. Comm.).  Thus, we analyze your question in general terms.

ANN. § 1118.101(b) (West 2013) (requiring the District to "undertake any measure" deemed "necessary to provide hospital and medical care for the district's needy inhabitants," including, presumably, contracting with a housing authority). This office has recently concluded that where two governmental bodies are authorized to contract with one another, there is a potential basis for common-law incompatibility based on conflicting loyalties, depending on the particular facts. Tex. Att'y Gen. Op. No. GA-0786 (2010) at 5. Resolving the incompatibility question with respect to any particular contract would require an analysis of the public interest as a whole and whether the same person could perform the duties of both offices without interfering with his or her separate allegiance to each entity. Such a determination is a factual inquiry, which cannot be resolved in the opinion process. Tex. Att'y Gen. Op. No. GA-1020 (2013) at 2–3. Thus, we cannot determine as a matter of law whether common-law conflicting-loyalties incompatibility would bar the dual service about which you ask.

Your second question involves a Board member serving as the county treasurer, which is a public office. *See* Tex. Att'y Gen. Op. No. JC-0490 (2002) at 1 (relying on *Aldine*, 280 S.W.2d at 583). We therefore apply the common-law conflicting-loyalties incompatibility analysis.[4] The duties of a county treasurer involve the receipt and disbursement of money belonging to the county, which includes "direct[ing] prosecution for the recovery of any debt owed to the county" and "supervis[ing] the collection of debt." TEX. LOC. GOV'T CODE ANN. § 113.902(a) (West 2008). The commissioners court, as "the executive head of the county," however, also has the authority to initiate collection suits. *Simmons v. Ratliff*, 182 S.W.2d 827, 829 (Tex. Civ. App.— Amarillo 1944, writ ref'd w.o.m.). This office has previously concluded that such non-exclusive authority of the county treasurer does not rise to the level of a conflicting loyalty. *See* Tex. Att'y Gen. Op. No. JC-0490 (2002) at 4 (citing *Simmons*, 182 S.W.2d at 829). We can discern no other way in which the duties and functions of the two offices might overlap.[5] A court would likely conclude that the doctrine of incompatibility does not bar a Board member from simultaneously serving as the county treasurer.

---

[4]You contend that the individual in question is not an "officer" because he is merely serving out the remaining two years of a four-year term following a vacancy. Request Letter at 2. "[A]n essential element of an office [is] that its duties are continuing in nature and not intermittent." Tex. Att'y Gen. Op. No. JM-847(1988) at 3 (citing *Knox v. Johnson*, 141 S.W.2d 698, 700 (Tex. Civ. App.—Austin 1940, writ ref'd). Something can be "intermittent" when it "occur[s] at irregular intervals" or is "not continuous or steady." NEW OXFORD AMERICAN DICTIONARY 907 (2010). Two years of service as county treasurer is regular and continuous, and thus it is a public office for purposes of our analysis.

[5]The county treasurer "serves as treasurer of the construction and maintenance fund and the interest and sinking fund of [a hospital] district" created under the authority of chapter 282 of the Health and Safety Code. TEX. HEALTH & SAFETY CODE ANN. § 282.062(a) (West 2010). The District, however, is created by the Legislature pursuant to special law and not through chapter 282, and thus the Maverick County Treasurer does not serve the District in this manner. TEX. SPEC. DIST. CODE ANN. § 1118.002 (West 2013).

## S U M M A R Y

The dual office-holding provision of article XVI, section 40(a) of the Texas Constitution does not prohibit a board member of the Maverick County Hospital District from serving the county in other official capacities.

Whether the conflicting-loyalties aspect of the common-law doctrine of incompatibility prohibits a board member of the Maverick County Hospital District from simultaneously serving as a commissioner of a housing authority where the two entities have contracted with each other depends on whether holding both offices is detrimental to the public interest or whether the performance of the duties of one interferes with the performance of those of the other. Such a determination is a factual inquiry, which cannot be resolved through the opinion process.

A court would likely conclude that the conflicting-loyalties aspect of the common-law doctrine of incompatibility does not prohibit a board member of the Maverick County Hospital District from simultaneously serving as the Maverick County Treasurer.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Becky P. Casares
Assistant Attorney General, Opinion Committee