Robert A. TURNER, Relator,

v.

TRINITY INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES, et al., Respondents.

No. A14–83–109CV.

Court of Appeals of Texas, Houston (14 Dist.)

Feb. 23, 1983.

Rehearing Denied March 17, 1983.

Travis N. Hines, Trinity, for relator.

Joe B. Hairston, Austin, Harvill E. Weller, Jr., Houston, for respondents.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

J. CURTISS BROWN, Chief Justice.

By his petition for writ of mandamus, Robert A. Turner (Turner or relator) seeks an order requiring the Trinity Independent School District Board of Trustees (Board) to accept his application to be placed on the ballot as a candidate to fill the allegedly vacated seat of Board member Joe Chandler (Chandler). We deny the petition.

In April, 1981, Chandler began a three year term as a member of the Board. On January 1, 1983, Chandler also began a term as Justice of the Peace, Precinct No. 2, Trinity County, Texas. At a meeting held January 18, 1983, the Board ordered that an election be held on April 2, 1983, to fill all expiring terms. On February 9, 1983, counsel for relator wrote a letter to the Board requesting Chandler's Board position be declared vacant and that an election be ordered to fill the unexpired term. The Board met again on February 15, 1983, but refused to declare Chandler's seat vacant. On February 17, 1983, relator presented to the Board his application to have his name placed on the ballot as a candidate to fill Chandler's allegedly unexpired term. It is from the Board's denial of his application that relator seeks this writ of mandamus.

Relator contends that TEX. CONST. art. II, § 1, prohibits Chandler from simultaneously holding the offices of Justice of the Peace and school board trustee. Relator therefore argues that Chandler effectively resigned his position on the Board when he took the oath of office as Justice of the Peace, and the Board should have

declared his position vacant and called a special election to fill the unexpired term.

TEX. CONST. art. II, § 1, provides:

The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

The policy behind Article 2, § 1, is to prohibit one branch of government from interfering with functions constitutionally committed to other branches of government. *See Ruiz v. State*, 540 S.W.2d 809, 812 (Tex.Civ.App.—Corpus Christi 1976, no writ). While we agree that a Justice of the Peace is a member of the Judicial branch of government and a trustee of an independent school district probably is a member of the Executive branch, we find nothing to persuade us that Chandler's functions as Justice of the Peace have interfered with or will interfere with his functions as a member of the Board.

■ Further, the offices of Justice of the Peace and school board trustee are not incompatible because neither office is accountable to, under the dominion of, or subordinate to the other, and neither has any right to interfere with the other in the performance of any official duty. TEX. ATT'Y GEN. OP. NO. 0–3522 (1941); *See also State v. Martin*, 51 S.W.2d 815 (Tex. Civ.App.—San Antonio 1932, no writ) (offices of school board trustee and city tax collector not incompatible). A Justice of the Peace has limited jurisdiction. *See* TEX. CONST. art. V, § 19; TEX.REV.CIV. STAT.ANN. art. 2387 (Vernon 1971), arts. 2385, 2385a, 2386 (Vernon Supp.1982–1983). If a case involving the Board should happen to come before Chandler in his capacity as Justice of the Peace, he could simply recuse himself under TEX.REV.CIV.STAT. ANN. art. 2378 (Vernon 1971). We there-fore find the simultaneous holding of the offices of Justice of the Peace and school board trustee by one person does not violate the common-law rule of incompatibility.

■ We believe this case is controlled by TEX. CONST. art. XVI, § 40, which provides in pertinent part:

No person shall hold or exercise at the same time, more than one civil office of emolument, except that of Justice of the Peace, . . . unless otherwise specifically provided herein. . . .

Before 1972, a Justice of the Peace could simultaneously serve as trustee of an independent school district without violating the proscriptions of either Article 2, § 1, or Article 16, § 40. *See* TEX.ATT'Y GEN.OP. NO. 0–3522 (1941). In 1972, Article 16, § 40, was amended to further provide, in pertinent part:

State's employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers, shall not be barred from serving as members of the governing bodies of school districts, . . . provided, however, that such State employees or other individuals shall receive no salary for serving as members of governing bodies. . . .

We believe the 1972 amendment was intended to expressly allow state employees or "other individuals" to serve as uncompensated members of local school districts, and that it was not intended to prohibit a Justice of the Peace from simultaneously serving as a trustee of an independent school district.

Petition for writ of mandamus is denied.