

# THE ATTORNEY GENERAL
## OF TEXAS

October 7, 1986

JIM MATTOX
ATTORNEY GENERAL

Honorable Pablo Avila
Zavala County Attorney
Zavala County Courthouse
Crystal City, Texas    78839

Opinion No.   JM-553

Re:  Whether a mayor automatically resigns his position upon announcing his candidacy for the position of county judge

Dear Mr. Avila:

You ask whether the mayor of Crystal City may continue to occupy his office as mayor while he holds another office or is a candidate for another office.  He initially served Crystal City as a city council member and was appointed to the position of mayor, a non-paying position.  He had a little over a year left on his term as mayor when he filed for the office of county judge for Zavala County. Based on these facts, you first ask whether the mayor of Crystal City may continue to hold that office after becoming a candidate for the office of county judge.  You also ask whether there is a conflict of interest in the interim before the election.

The mayor is also a justice of the peace in Zavala County.  You state that he had over one year left on his term as justice of the peace when he filed for reelection to the city council of Crystal City in March of 1985.  You ask whether the mayor automatically relinquished his position as justice of the peace, pursuant to article XVI, section 65, of the Texas Constitution, by becoming a candidate for city council when more than a year remained on his unexpired term as justice of the peace.

We will answer your second question first. The person you inquire about was serving as city councilman and justice of the peace at the time he filed for reelection to the city council.  You do not ask and we do not decide whether this dual service was permissible. See Turner v. Trinity Independent School District Board of Trustees, 700 S.W.2d 1 (Tex. App. - Houston [14th Dist.] 1983, no writ); Attorney General Opinion JM-395 (1985).  You ask simply whether this individual automatically resigned his position as justice of the peace when he announced his candidacy for city council member.

Attorney General Opinion JM-395 (1985) considered whether a justice of the peace automatically resigned his office pursuant to article XVI, section 65, of the Texas Constitution when he announced his candidacy for city council member of a general law city at a time when he had more than one year remaining on his unexpired term as

justice.  Article XVI, section 65, of the Texas Constitution provides as follows:

> Sec. 65.  Staggering Terms of Office -- The following officers elected at the General Election in November, 1954, and thereafter, shall serve for the full terms provided in this Constitution:
>
> (a) District Clerks;  (b) County Clerks;  (c) County Judges;  (d) Judges of County Courts at Law, County Criminal Courts, County Probate Courts and County Domestic Relations Courts;  (e) County Treasurers;  (f) Criminal District Attorneys;  (g) County Surveyors;  (h) Inspectors of Hides and Animals;  (i) County Commissioners for Precincts Two and Four;  (j) Justices of the Peace.
>
> . . . .
>
> Provided, however, if any of the officers named herein shall announce their candidacy, or shall in fact become a candidate, in any General, Special or Primary Election, for any office of profit or trust under the laws of this State or the United States other than the office then held, at any time when the unexpired term of the office then held shall exceed one (1) year, such announcement or such candidacy shall constitute an automatic resignation of the office then held, and the vacancy thereby created shall be filled pursuant to law in the same manner as other vacancies for such office are filled.  (Emphasis added).

This provision applies to a justice of the peace.  Attorney General Opinion JM-395 concluded that a councilman of a general law city occupied an office of trust within article XVI, section 65, of the Texas Constitution.  This conclusion also applies to a city councilman of a home rule city.  He engages in governmental activities and exercises a portion of the sovereign powers of the state and thus also occupies an office of trust within article XVI, section 65.  Tex. Const. art. XI, §5; Willis v. Potts, 377 S.W.2d 622 (Tex. 1964).  The person in question had over one year remaining on his term as justice of the peace when he filed for reelection to the city council of Crystal City in March of 1985.  He therefore resigned his office as justice of the peace at that time, pursuant to article XVI, section 65, of the Texas Constitution.

We turn to your first question:  whether the mayor of Crystal City may continue to hold that office after becoming a candidate for county judge at a time when he had more than a year remaining of his term as mayor.  Article XI, section 11, of the Texas Constitution pertains to the term of office of city officers.  It also includes a

provision for automatic resignation of city officers who become candidates for another office under certain circumstances. Article XI, section 11, of the constitution provides in part:

> Sec. 11. A Home Rule City may provide by charter or charter amendment, and a city, town or village operating under the general laws may provide by majority vote of the qualified voters voting at an election called for that purpose, for a longer term of office than two (2) years for its officers, either elective or appointive, or both, but not to exceed four (4) years; provided, however, that tenure under Civil Service shall not be affected hereby.
>
> Provided, however, if any of such officers, elective or appointive, shall announce their candidacy, or shall in fact become a candidate, in any general, special or primary election, for any office of profit or trust under the laws of this State or the United States other than the office then held, at any time when the unexpired term of the office then held shall exceed one (1) year, such announcement or such candidacy shall constitute an automatic resignation of the office then held, and the vacancy thereby created shall be filled pursuant to law in the same manner as other vacancies for such office are filled.

The constitutional provision was construed by Attorney General Opinion M-586 (1970), which considered whether the mayor of Amarillo resigned his office upon becoming a candidate for county judge at a time when the unexpired term of his office exceeded one year. The opinion determined that the provision for automatic resignation applied only to city officers whose term of office was longer than two years, having been extended beyond two years under the authority of paragraph one of article XI, section 11. Attorney General Opinion M-586, at 3-4. The mayor of Amarillo served only a two year term, accordingly, he was not subject to the provision for automatic resignation in article XI, section 11.

The answer to your question depends upon whether the mayor of Crystal City serves a two year term, or whether his term of office has been lengthened beyond two years. If he serves only a two year term, he is not subject to the provision in article XI, section 11 for automatic resignation. If his term as mayor is longer than two years, then he will automatically resign that office by becoming a candidate for any other "office of profit or trust" at any time when his unexpired term as mayor exceeds one year. A county judge occupies an office of profit. See Tex. Const. art. V, §15. Thus, if the mayor's term of office exceeds two years, his becoming a candidate for the office of county judge at a time when he had more than one year left

to serve as mayor would constitute his automatic resignation from his office as mayor.

In the event that the mayor of Crystal City may continue to hold his office while running for the office of county judge, you wish to know whether he would be involved in a conflict of interest in the interim before the election. The mere fact that this individual is serving as a mayor while running for the office of county judge does not involve him in a conflict of interest. Whether he has engaged in conduct that would violate any law depends upon all the surrounding facts and circumstances and is beyond the scope of this opinion. See Penal Code art. 39.01.

## S U M M A R Y

Under article XVI, section 65, of the Texas Constitution a justice of the peace who announces his candidacy for city councilman of a home rule city at a time when more than one year remained on his unexpired term of office as justice thereby automatically resigned that office.

Under article XI, section 11, of the Texas Constitution the mayor of a city whose term of office is two years does not automatically resign that office by becoming a candidate for county judge at a time when his unexpired term of office as mayor exceeds one year. If the mayor's term of office exceeds two years, then his announcing his candidacy for county judge at a time when more than one year remains on his term as mayor constitutes an automatic resignation of the office of mayor.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General