OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



August 16, 2000

D.C. Jim Dozier, J.D., Ph.D.                         Opinion No. JC-0270
Executive Director
Texas Commission on Law Enforcement                  Re: Whether an elected constable may
   Officer Standards-Education          simultaneously serve as a municipal fire fighter
6330 U.S. Highway 290 East, Suite 200                (RQ-0206-JC)
Austin, Texas 78723

Dear Dr. Dozier:

On behalf of the City of Marshall Police Department, you have requested our opinion as to whether an elected constable may simultaneously serve as a municipal fire fighter. For the reasons indicated below, we conclude that he may do so.

A letter accompanying your request explains that a fire fighter employed by the City of Marshall "has won election in the Democratic primary to the office of constable. This civil servant has advised others in the department that he does not intend to resign his job with the fire department upon assuming office, and instead, intends to occupy both positions simultaneously." Request Letter.[1]

The doctrine of dual office holding comes into play when one individual holds two or more positions at the same time. One aspect of the doctrine is constitutional, and relates primarily to article XVI, section 40 of the Texas Constitution. That provision proscribes the simultaneous holding of two "offices of emolument." You do not suggest that it is applicable here. Indeed, at least since Attorney General Opinion DM-212 (1993), it has been clear that a municipal fire fighter does not hold a "public office." *See also* Tex. Att'y Gen. LOs-95-048, 93-027.

The other branch of dual office holding is the doctrine of common-law incompatibility. The courts have in turn recognized two kinds of incompatibility. One, derived from *Ehlinger v. Clark*, 8 S.W.2d 666 (Tex. 1928), prohibits an individual from appointing himself to another position. In 1977, the attorney general extended this doctrine to situations of "self-employment," so that, for example, a municipal employee may not also serve as a council member of the same city. *See* Tex. Att'y Gen. LA-114 (1977); *see also* Tex. Att'y Gen. LOs-97-034, 90-045, 89-002. Since a constable

---

[1]Letter from Charles W. Williams, Chief of Police, City of Marshall, to Dr. Jim Dozier, Executive Director, Texas Commission on Law Enforcement Standards-Education (Mar. 15, 2000) (on file with Opinion Committee).

is elected, and a municipal fire fighter is appointed by officers of the municipal government, neither "self-appointment" nor "self-employment" incompatibility is applicable to the situation you pose.

The other judicially-based aspect of incompatibility was first recognized in *Thomas v. Abernathy County Line Independent School District*, 290 S.W. 152 (Tex. Comm'n App. 1927, judgm't adopted). That opinion held that the *offices* of school trustee and city alderman were incompatible, because, if both were held by a single individual, one office might impose its policies on the other or subject it to control in some other way. *See* Tex. Att'y Gen. Op. No. DM-55 (1991). The attorney general has denominated this branch of incompatibility "conflicting loyalties." *See, e.g.*, Tex. Att'y Gen. Op. Nos. DM-311 (1994), JM-1266 (1990); Tex. Att'y Gen. LO-95-029. It is this aspect of the doctrine that you seek to invoke in the present instance.

*Thomas*, 290 S.W. 152, and *Turner v. Trinity Independent School District*, 700 S.W.2d 1 (Tex. App.–Houston [14th Dist.] 1983, no writ), the only judicial decisions to deal directly with conflicting loyalties incompatibility, specifically involve situations in which both positions are "offices." Furthermore, a line of attorney general opinions, since at least 1990, has held that, for the conflicting loyalties doctrine to be applicable, both positions must be "offices." *See* Tex. Att'y Gen. Op. Nos. JC-0054 (1999), JM-1266 (1990); Tex. Att'y Gen. LOs-96-148, 052, 95-029, 93-027. Thus, it is now well established that "conflicting loyalties" incompatibility does not prohibit an individual from holding two positions where one of those positions does not constitute an "office."

The City of Marshall Police Department specifically takes issue with Attorney General Opinion DM-156, wherein this office found that, since the position of "assistant fire chief with the City of Houston Fire Department is not an office but rather an employment, the common-law doctrine of incompatibility does not preclude a deputy constable from also serving as assistant fire chief." Tex. Att'y Gen. Op. No. DM-156 (1992) at 5. A brief from the City of Marshall contends that, for two reasons, this conclusion is incorrect. We will respond to each of these arguments in turn.

The brief first notes that, in *State ex rel., Hill v. Pirtle*, 887 S.W.2d 921 (Tex. Crim. App. 1994) (en banc), the Court of Criminal Appeals "analyzed the question of whether or not the common-law doctrine of incompatibility barred an Assistant Attorney General from serving as an Assistant District Attorney," which it asserts indicates that the court in that case had accepted the argument that conflicting loyalties incompatibility could apply to the two positions. Key Brief.[2] We disagree. The court actually said: "Assuming arguendo that the incompatibility doctrine applies to a person serving as an assistant attorney general, we fail to see how such an 'office' conflicts with the position of assistant district attorney." *Pirtle*, 887 S.W.2d at 929. In our opinion, the court in *Pirtle* did not intend to call into question the principle that conflicting loyalties incompatibility applies only when both positions are "offices."

---

[2]Brief from Thomas W. Key, Assistant City Attorney, City of Marshall, to Elizabeth Robinson, Chair, Opinion Committee, Office of the Attorney General (Apr. 26, 2000) (on file with Opinion Committee).

The brief next contends that the "state employee" proviso, added to article XVI, section 40, of the Texas Constitution in 1972, was intended to relieve state employees from the effect of common-law incompatibility, and that therefore the doctrine of incompatibility applies to all other public employees. Key Brief, *supra* note 2, at 2. This proviso declares that state employees and others who receive all or part of their compensation from state funds, and who are not state officers, shall not be barred from serving as members of the governing bodies of local governmental districts, but shall receive no salary for doing so. TEX. CONST. art. XVI, § 40. Although it is strange that this provision was inserted into a constitutional provision that otherwise relates strictly to "officers," there is no evidence that its adoption was intended to have any implications for the incompatibility doctrine. Indeed, this office has since 1977 held that the proviso is not sufficient to overcome self-employment incompatibility. *See* Tex. Att'y Gen. LA-114 (1977). As has been noted, the "state employee" proviso means simply that article XVI, section 40 may not be used to prohibit dual service for persons affected by its terms. Tex. Att'y Gen. LO-96-109. And even though a dual office holding situation may be permitted under article XVI, section 40, opinions of this office conclude that it may yet run afoul of incompatibility. *See* Tex. Att'y Gen. Op. No. JM-203 (1984); Tex. Att'y Gen. LO-96-004.

Finally, the brief urges that the duties of constable will frequently "conflict" with the duties of a municipal fire fighter. Key Brief, *supra*, note 2, at 2-3. As we have said, this office has consistently held that conflicting loyalties incompatibility is not applicable when, as here, one position is not an "office." But the mere absence of common-law incompatibility as a legal bar to dual employment is not a legal guarantee of dual employment. In Attorney General Letter Opinion 96-109, two employees of Stephen F. Austin State University had received their parties' nomination for the offices of county commissioner and constable. The university was concerned that the employees would not be able successfully to fill both their elective offices and their university positions. This office concluded that a rule of the university requiring executive approval for all outside employment was valid on its face, and that the university could evaluate whether outside employment as a public officer violated the policy. This position was affirmed in *Dudley v. Angel*, 209 F.3d 460 (5th Cir. 2000); *see also* Tex. Att'y Gen. Op. No. JM-93 (1983). Likewise, in the situation you describe, if the City of Marshall has a rule requiring approval of outside employment and finds that its fire fighter is unable satisfactorily to fulfill the duties of the position of municipal fire fighter while serving in the office of constable, it may act accordingly.

## S U M M A R Y

The common-law doctrine of incompatibility does not bar an individual from simultaneously serving as an elected constable and a municipal fire fighter.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee