OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



May 4, 2000

The Honorable Richard J. Miller
Bell County Attorney
P.O. Box 1127
Belton, Texas 76513

Opinion No. JC-0216

Re: Whether an elected junior college trustee may simultaneously serve as a municipal judge (RQ-0171-JC)

Dear Mr. Miller:

You have requested our opinion as to whether a junior college trustee may simultaneously serve as a municipal judge. For the reasons set forth below, we conclude that he may.

You explain that an elected trustee of Central Texas College was recently appointed by the City of Killeen to the position of municipal judge. We first note that article XVI, section 40 of the Texas Constitution is not applicable to the situation you pose, because it prohibits only the holding of more than one "office of emolument." *See* TEX. CONST. art. XVI, § 40. Central Texas College is a component institution of the Central Texas College District, a junior college district as defined in the Education Code. *See* TEX. EDUC. CODE ANN. § 130.061 (Vernon 1991); *id.* §§ 130.082, 130.171 (Vernon Supp. 2000). Members of the board of a junior college district are required to serve without "any remuneration or emolument of office." *Id.* § 130.082(d). Thus, a trustee of a junior college district does not hold an "office of emolument," and is consequently not prohibited by article XVI, section 40 from holding another office at the same time.

You ask whether the "separation of powers" doctrine of article II, section 1 of the Texas Constitution would bar the junior college trustee from simultaneously serving as municipal judge. *See* TEX. CONST. art. II, § 1. In the 1970s, a number of attorney general opinions held that article II, section 1 posed an obstacle to dual office holding. *See, e.g.,* Tex. Att'y Gen. LA-106 (1975) (teacher, being of the executive branch, was precluded from serving as justice of the peace, an office under the judicial branch). This view of article II, section 1 has been abandoned, particularly at the local level. *See* Tex. Att'y Gen. Op. No. JM-519 (1986) at 4; Tex. Att'y Gen. LO-92-004, at 1; Tex. Att'y Gen. LO-88-19. It is now clear that, in the usual circumstance, the separation of powers doctrine does not constitute an impediment to dual office holding.

You also ask whether the common-law doctrine of incompatibility would prohibit the simultaneous holding of the offices of junior college trustee and municipal judge. This aspect of incompatibility – denominated "conflicting loyalties" – was first recognized in *Thomas v. Abernathy County Line Independent School District*, 290 S.W. 152 (Tex. Comm'n App. 1927, judgm't

adopted), in which the court held that the offices of school trustee and city alderman were incompatible. In Attorney General Letter Opinion 98-094, this office held that a district judge was barred from simultaneously serving as a trustee of an independent school district. *See* Tex. Att'y Gen. LO-98-094, at 3. The opinion relied in part on Attorney General Letter Opinion 95-029, which had determined that a county attorney was prohibited by "conflicting loyalties" from serving as a member of a school district board of trustees. *See* Tex. Att'y Gen. LO-95-029, at 3. Letter Opinion 95-029 found that, since a county attorney "is constitutionally and statutorily vested with the authority to investigate matters and institute proceedings regarding the possible criminal conduct of school district officers," his service on the board of trustees would be legally incompatible. *Id.* at 4. Letter Opinion 98-094, in applying the same reasoning to the situation of a trustee and a district judge, concluded that "[i]t would be anomalous indeed if the prosecuting, but not the adjudicating, official were precluded from performing such dual service." Tex. Att'y Gen. LO-98-094, at 3.

Letter Opinion 98-094 reached its conclusion in part by distinguishing its facts from those before the court in *Turner v. Trinity Independent School District*, 700 S.W.2d 1 (Tex. App.–Houston [14th Dist.] 1983, no writ). In that case, the court held that a school trustee was not prohibited by common-law incompatibility from simultaneously holding the office of justice of the peace. The court found that "[a] justice of the peace has limited jurisdiction. If a case involving the Board should happen to come before [him] in his capacity as justice of the peace, he could simply recuse himself under [article 2378 of the Revised Civil Statutes]." *Turner*, 700 S.W.2d at 2. Letter Opinion 98-094 pointed out that the quoted language in *Turner* is dicta, and, in any event, that a district court, unlike a justice court, is not one of "limited jurisdiction." *See* Tex. Att'y Gen. LO-98-094, at 2.

In our opinion, this language cannot precisely be said to be dicta. It is true that the court based its ultimate conclusion on the "state employee" proviso of article XVI, section 40. *See Turner*, 700 S.W.2d at 2. Nevertheless, the court declared: "We therefore find the simultaneous holding of the offices of Justice of the Peace and school board trustee by one person does not violate the common-law rule of incompatibility." *Id.*

Like a justice court, a municipal court is one of limited jurisdiction. Indeed, its jurisdiction is more limited than that of a justice court. *Compare* TEX. GOV'T CODE ANN. § 29.003 (Vernon Supp. 2000), *and* TEX. CODE CRIM. PROC. ANN. art. 4.14 (Vernon Supp. 2000), *with* TEX. GOV'T CODE ANN. § 27.031 (Vernon Supp. 2000), *and* TEX. CODE CRIM. PROC. ANN. art. 4.11 (Vernon Supp. 2000). On the basis of *Turner*, it is our opinion that a junior college trustee is not barred by the common-law doctrine of incompatibility from simultaneously serving as a municipal judge.

Finally, it is necessary to address the determination of Attorney General Opinion JM-213 (1984), that the Code of Judicial Conduct prohibits most judges from accepting "extra-judicial appointments." Canon 4H thereof provides:

> A judge should not accept appointment to a governmental committee, commission, or other position that is concerned with issues of fact or policy on matters other than the improvement of the

> law, the legal system, or the administration of justice.  A judge, however, may represent his or her country, state, or locality on ceremonial occasions or in connection with historical, educational, and cultural activities.

TEX. CODE JUD. CONDUCT, Canon 4H *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. B (Vernon 1998).  Canon 4H is not applicable to these circumstances, because the position of junior college trustee is elective rather than appointive.  Furthermore, Canon 6C of the Code of Judicial Conduct provides that a justice of the peace or municipal court judge "is not required to comply" with certain provisions of the Code, including Canon 4H.  *Id.* Canon 6C (1)(b) (Vernon Supp. 2000). Since municipal judges are clearly excluded from Canon 4H, it is not applicable to the situation you pose.

## S U M M A R Y

An elected trustee of Central Texas College is not prohibited by article XVI, section 40, or article II, section 1 of the Texas Constitution, or by the common-law doctrine of incompatibility from simultaneously serving as a municipal judge for the City of Killeen.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee