

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

November 23, 2004

The Honorable Donna R. Bennett
Henderson County District Attorney
173rd Judicial District
109 West Corsicana, Suite 103
Athens, Texas 75751

Opinion No. GA-0273

Re: Whether the district attorney of the 173rd Judicial District may simultaneously hold a part-time teaching position at Trinity Valley Community College and receive compensation for doing so (RQ-0234-GA)

Dear Ms. Bennett:

You ask whether the district attorney of the 173rd Judicial District may simultaneously hold a part-time teaching position at Trinity Valley Community College[1] and receive compensation for doing so.[2]

You indicate that the district attorney of the 173rd Judicial District is subject to the Professional Prosecutors Act, chapter 46 of the Government Code. *See* TEX. GOV'T CODE ANN. §§ 46.001(3)-.002(1) (Vernon 2004). As such, the district attorney is barred from engaging in the private practice of law. *Id.* § 46.005(a). The teaching profession, however, does not generally

---

[1]The Trinity Valley Community College District is established by section 130.205 of the Education Code. That statute provides:

> The service area of the Trinity Valley Community College District includes the territory within:
>
> (1) the part of the Terrell Independent School District located in Hunt County;
>
> (2) Anderson, Henderson, Kaufman, and Rains counties; and
>
> (3) Van Zandt County, except the territory within the Grand Saline, Lindale, and Van independent school districts.

TEX. EDUC. CODE ANN. § 130.205 (Vernon 2002).

[2]*See* Letter from Honorable Donna R. Bennett, Henderson County District Attorney, 173rd Judicial District, to Honorable Greg Abbott, Texas Attorney General, at 1 (May 26, 2004) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

involve the representation of clients or the provision of other legal services and thus does not constitute the private practice of law. *See id.* § 81.101(a) (Vernon Supp. 2004-05) ("[T]he 'practice of law' means the preparation of a pleading or other action document incident to an action or special proceeding or the management of the action or proceeding on behalf of a client before a judge in court as well as a service rendered out of court, including the giving of advice or the rendering of any service requiring the use of legal skill or knowledge, such as preparing a will, contract, or other instrument, the legal effect of which under the facts and conclusions involved must be carefully determined."). Consequently, the Professional Prosecutors Act does not prohibit a district attorney from holding a teaching position at a community college. You wish to know whether the district attorney, for purposes of dual office holding, may simultaneously hold a part-time teaching position at Trinity Valley Community College. *See* Request Letter, *supra* note 1, at 1.

Article XVI, section 40 of the Texas Constitution prohibits an individual from holding at the same time more than one "civil office of emolument." TEX. CONST. art. XVI, § 40(a). It is well established that a teacher employed by a governmental body does not hold a civil office of emolument. *See Ruiz v. State*, 540 S.W.2d 809, 811 (Tex. Civ. App.–Corpus Christi 1976, no writ) (public school teacher does not hold an office of emolument); *Tilley v. Rogers*, 405 S.W.2d 220, 224 (Tex. Civ. App.–Beaumont 1966, writ ref'd n.r.e.) (a professor at a state-supported institution of higher education is an employee rather than an officer); *see also* Tex. Att'y Gen. LO-93-096, at 1 (a compensated teaching position with a state university is an "employment" rather than an "office"). Because an instructor at a community college does not hold an office of emolument, article XVI, section 40 does not bar a district attorney from simultaneously holding the position of instructor at a community college.

Article XVI, section 40 also contains a proviso permitting "state employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not state officers" to serve as members of the governing bodies of various local governmental districts, provided they receive no compensation for doing so. TEX. CONST. art. XVI, § 40(b). Although a district attorney does indeed receive compensation from funds of the state, a community college instructor is not a member of a governing body of a local governmental district. Thus, this proviso to article XVI, section 40 does not prohibit a district attorney from receiving a salary for serving as an instructor at a community college.[3]

We must also address the common-law doctrine of incompatibility, which has three aspects: *self-appointment, self-employment, and conflicting loyalties. See* Tex. Att'y Gen. Op. Nos.

---

[3]You refer to Letter Advisory No. 55 (1973) for the proposition that article II, section 1 of the Texas Constitution, the separation of powers doctrine, prohibits a district attorney from simultaneously serving as an instructor at a state-supported institution of higher education, because the positions exist in different branches of government. *See* Request Letter, *supra* note 1, at 1; Tex. Att'y Gen. LA-55 (1973) attached to Request Letter. This interpretation of article II, section 1 has been abandoned by this office, in light of subsequent judicial decisions and attorney general opinions. *See, e.g., Turner v. Trinity Indep. Sch. Dist. Bd. of Trustees*, 700 S.W.2d 1, 2 (Tex. App.–Houston [14th Dist.] 1983, no writ) (school board trustee permitted to also serve as justice of the peace); Tex. Att'y Gen. Op. No. JM-519 (1986); Tex. Att'y Gen. LO-92-004. In the usual circumstance, the separation of powers doctrine poses no bar to dual office holding. *See* Tex. Att'y Gen. Op. Nos. GA-0021 (2003), JC-0216 (2000).

GA-0224 (2004) at 2, GA-0032 (2003) at 4.  Neither self-appointment nor self-employment are applicable here because a district attorney neither appoints nor supervises community college instructors.  Moreover, district attorneys are elected officials and, as such, are neither appointed nor supervised by community college instructors.  The third aspect of common-law incompatibility, conflicting loyalties, was first addressed by a Texas court in 1927.  *See Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted) (offices of school trustee and city alderman are incompatible).  It is generally held that both positions must be "offices" in order for the conflicting loyalties doctrine to be applicable.  *See* Tex. Att'y Gen. Op. Nos. GA-0169 (2004) at 2, JM-1266 (1990).  As we have noted, a community college instructor does not hold an office of emolument.  Accordingly, the conflicting loyalties aspect of common-law incompatibility does not bar a district attorney from serving at the same time as a community college instructor.

We conclude that the district attorney of the 173rd Judicial District may simultaneously hold a part-time teaching position at Trinity Valley Community College and receive compensation for doing so.

## S U M M A R Y

The district attorney of the 173rd Judicial District may simultaneously hold a compensated part-time teaching position at Trinity Valley Community College.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee