

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

June 8, 2005

The Honorable Dennis Bonnen
Chair, Committee on Environmental Regulation
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0328

Re: Whether a county sheriff may simultaneously serve as a member of the board of trustees of an independent school district located in that county (RQ-0298-GA)

Dear Representative Bonnen:

You ask whether the Sheriff of Chambers County may simultaneously serve as a member of the Board of Trustees of the East Chambers Independent School District located in that county.[1]

Article XVI, section 40 of the Texas Constitution provides that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument . . . ." TEX. CONST. art. XVI, § 40. Although both the positions of sheriff and school trustee constitute "offices," a member of the board of trustees of an independent school district serves without compensation. *See* TEX. EDUC. CODE ANN. § 11.061(d) (Vernon 1996). Consequently, a school trustee does not hold an "office of emolument," and article XVI, section 40 does not affect our answer to your question.

We must also consider the common-law doctrine of incompatibility, which has three aspects: self-appointment, self-employment, and conflicting loyalties. *See* Tex. Att'y Gen. Op. No. GA-0032 (2003) at 4. The first two are not relevant here because both the office of sheriff and that of school trustee are elected positions, and neither officeholder appoints or employs the other. It is the third aspect of incompatibility – conflicting loyalties – that concerns us here. This doctrine was first announced by a Texas court in the 1927 case of *Thomas v. Abernathy County Line Independent School District*, 290 S.W. 152 (Tex. Comm'n App. 1927, judgm't adopted), wherein the court held the offices of school trustee and city alderman to be incompatible:

> In our opinion the offices of school trustee and alderman are incompatible; for under our system there are in the city council or board of aldermen various directory or supervisory powers exertable in respect to school property located within the city or town and in

---

[1]*See* Letter from Honorable Dennis Bonnen, Chair, Committee on Environmental Regulation, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General (Dec. 7, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

respect to the duties of school trustee performable within its limits –
*e.g.*, there might well arise a conflict of discretion or duty in respect
to health, quarantine, sanitary, and fire prevention regulations. If the
same person could be a school trustee and a member of the city
council or board of aldermen at the same time, school policies, in
many important respects, would be subject to direction of the council
or aldermen instead of to that of the trustees.

*Abernathy County Line Indep. Sch. Dist.*, 290 S.W. at 153 (citation omitted).

This office has issued numerous opinions that find conflicting loyalties incompatibility in situations where a single individual holds positions on the governing boards of two local entities with overlapping jurisdiction. *See, e.g.*, Tex. Att'y Gen. Op. Nos. GA-0307 (2005) at 5 ("an individual may not simultaneously serve as trustee of the New Caney Independent School District and director of the East Montgomery County Improvement District"); GA-0032 (2003) at 4-5 (a person is barred from simultaneous service as director of the Clear Brook Municipal Utility District and as trustee of the San Jacinto College District); GA-0015 (2003) at 4 ("the offices of county commissioner and city council member in the same county are incompatible as a matter of law"); JC-0557 (2002) at 3-6 (where boundaries of a school district and groundwater conservation district overlap, an individual may not serve as director of both); JC-0363 (2001) at 2-3 (an individual may not simultaneously hold the office of mayor and the position of director of a hospital district that has condemned property within the mayor's district); JC-0339 (2001) at 3 (a person is barred from simultaneously holding offices of director of municipal utility district and member of Planning and Zoning Commission of Missouri City); DM-311 (1994) at 2 (offices of county commissioner and school district trustee are incompatible); JM-1266 (1990) at 4 (incompatibility may bar a person from serving both as city council member and as director of a navigation district); JM-129 (1984) at 2-3 (incompatibility bars a trustee of the Dallas County Community College from simultaneously serving as a Dallas County commissioner). But the doctrine has sometimes, and sometimes not, been applied to bar the simultaneous holding of two offices where one of the officers is not a member of a local governing board but holds some other official position.

In Attorney General Opinion O-3308, the attorney general said that "there is no prohibition in the laws of this State which would prevent a deputy sheriff of Grimes County to serve [*sic*] at the same time as a school trustee of a common school district in said county." Tex. Att'y Gen. Op. No. O-3308 (1941) at 4. Similarly, a 1986 opinion found the offices of constable and school trustee to be compatible. *See* Tex. Att'y Gen. Op. No. JM-519 (1986). That opinion relied in part on Opinion O-3308 and in part on a 1896 Missouri Supreme Court case, which had also found that the position of deputy sheriff was not incompatible with that of school trustee. *See id.* at 3-4.

In contrast to these two opinions, the attorney general has on three occasions held that certain executive or judicial officers of a county or district may not simultaneously serve as a member of a local governing board located within that county. The earliest attorney general opinion to find incompatibility in such a situation dates from 1984. In Attorney General Opinion JM-133, this office considered whether a county auditor was authorized to simultaneously serve as a council member

of a municipality located in the county where he served as auditor. Relying on the *Thomas* case, the opinion noted that "there are many instances in which the duties of the auditor are likely to conflict with the performance of city council duties, particularly when the transfer of funds or property between the city and county is involved." Tex. Att'y Gen. Op. No. JM-133 (1984) at 2. The opinion concluded that the positions of county auditor and council member of a city located in that county were incompatible as a matter of law. *See id.*

Two subsequent attorney general opinions have affirmed this view. In Attorney General Letter Opinion 95-029, this office found that the positions of school trustee and county attorney were incompatible. The opinion noted that "various statutes require the county attorney to initiate action against school trustees under particular circumstances," including removal, quo warranto, misuse of public funds, and election fraud. Tex. Att'y Gen. LO-95-029, at 3-4. The opinion concluded that a county attorney was therefore barred from simultaneously serving as school trustee in his county. *Id.*

Likewise, in Attorney General Letter Opinion 98-094, this office said that a district judge may not simultaneously serve as a trustee of an independent school district located within the jurisdiction of his court. *See* Tex. Att'y Gen. LO-98-094, at 3. The opinion distinguished the case of *Turner v. Trinity Independent School District Board of Trustees*, 700 S.W.2d 1 (Tex. Civ. App.–Houston [14th Dist.] 1983, no writ), which had held that the office of justice of the peace was not incompatible with that of school trustee. *See id.* at 2-3. That case had been primarily based on the fact that a justice court is one of limited jurisdiction. *See id.* The attorney general found that the same reasoning applicable to a county attorney should also be applied to a district judge: "[A] similar prohibition must attach to a district judge, in whose court such proceedings would be adjudicated. It would be anomalous indeed if the prosecuting, but not the adjudicating, official were precluded from performing such dual service." *Id.* at 3.

Finally, in the most recent attorney general opinion to consider the matter of whether an executive or judicial official could serve on the governing board of a local entity, this office found that a county treasurer was not barred by conflicting loyalties incompatibility from simultaneously holding the office of school trustee of a district located in the same county. *See* Tex. Att'y Gen. Op. No. JC-0490 (2002) at 4. The opinion found that a county treasurer's duties were simply too remote to preclude the treasurer's simultaneous service as a school trustee: "Because a county treasurer's authority to bring suit against an independent school district is limited to the recovery of funds owed by the school district to the county, and because even that limited authority is not exclusive, we conclude that conflicting loyalties incompatibility is not, as a matter of law, a bar to an individual's simultaneously holding the offices of county treasurer and trustee of an independent school district located within his or her county." *Id.*

Your question is whether a county sheriff may simultaneously hold the position of trustee of a school district located within the same county. Thus, we must determine whether the sheriff's relationship to the school district is more like that of, on the one hand, the auditor to a city council member, the county attorney to a school trustee, and the district judge to a school trustee; or, on the other hand, like that of the constable to a school trustee and the county treasurer to a school trustee.

You have provided us with the following specific information regarding the relationship between the sheriff and the school district:

> Because East Chambers ISD is located in an unincorporated area, the sheriff is its primary law enforcement authority in a variety of matters. The sheriff is, for example, the law enforcement official whom the district contacts when a crime is committed on district property, when students are engaged in serious disciplinary misconduct, when it has concerns of child abuse or neglect, etc. On some occasions, the sheriff interacts with school authorities to assess a student disciplinary incident, and the sheriff determines whether to investigate crimes reported by the school district. These are but a few examples of the relationship between the sheriff and the district. Any number of law enforcement issues may arise at public schools throughout the course of the school year.
>
> Additionally, schools and law enforcement are required to communicate with one another regarding certain matters, particularly those involving student discipline and safety. For example, a principal is required to notify the sheriff of the county in which the school is located, if the principal has reasonable grounds to believe that certain activities occur in school, on school property, or at a school-sponsored or school-related activity on or off school property. Similarly, a law enforcement agency that arrests any person or refers a child to the office or official designated by the juvenile board who the agency knows or believes is enrolled as a student in a public primary or secondary school is required to orally notify the superintendent or designee in the district in which the student is enrolled or believed to be enrolled of that arrest or referral within 24 hours after the arrest or referral is made, or on the next school day.

Request Letter, *supra* note 1, at 2 (citation omitted).

The information you have furnished demonstrates a close, frequent relationship between the school district and the sheriff's office. In light of these circumstances, we believe that the sheriff's office is substantially more entangled with the school district than was the case with the county attorney/school trustee and the district judge/school trustee in the attorney general opinions discussed previously. Particularly in view of the fact that the school district in question is located in an unincorporated area of the county where the sheriff serves as the primary law enforcement official, we conclude that under the facts described, the Sheriff of Chambers County may not simultaneously serve as a member of the board of trustees of an independent school district of the county in which he serves as sheriff.

## S U M M A R Y

The Chambers County Sheriff may not simultaneously serve as a trustee of an independent school district located within an unincorporated area of the county in which the sheriff serves as the primary law enforcement official. Attorney General Opinions O-3308 (1941) and JM-519 (1986) are overruled to the extent of conflict.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee