January 18, 2008

The Honorable Jeff Wentworth
Chair, Committee on Jurisprudence
Texas State Senate
Post Office Box 12068
Austin, Texas 78711

Opinion No. GA-0597

Re: Whether a member of the Village of
Wimberley City Council may serve simultaneously
on the board of directors of the Wimberley Water
Supply Corporation (RQ-0613-GA)

Dear Senator Wentworth:

You ask whether a member of the Village of Wimberley City Council may serve simultaneously on the board of directors of the Wimberley Water Supply Corporation.[1] You state that, at present, "[o]ne member of the Village of Wimberley City Council holds a position as a First Vice President of the Board of Directors of the Wimberley Water Supply Corporation; [and] the Village of Wimberley Mayor holds the position as President of the Board of Directors of the Wimberley Water Supply Corporation." Request Letter, *supra* note 1, at 2. Because your letter suggests that both the mayor and the city council member are members of the city council, we refer to them throughout this opinion as council members. *See id.* at 2.

Your questions may implicate the constitutional prohibition of dual office holding and the common-law doctrine of incompatibility. *See id.* at 1–2. Article XVI, section 40 of the Texas Constitution does not allow an individual to hold more than one civil office of emolument at the same time. *See* TEX. CONST. art. XVI, § 40. The common-law doctrine of incompatibility prohibits an individual from holding two public offices that perform inconsistent or conflicting duties. *See Thomas v. Abernathy County Indep. Sch. Dist.*, 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted) (concluding that the public offices of school trustee and city alderman are incompatible because the city's board of aldermen have "various directory or supervisory powers exertable in respect to school property located within the city or town and in respect to the duties of school trustee performable within its limits"); *Turner v. Trinity Indep. Sch. Dist. Bd. of Trs.*, 700 S.W.2d 1, 2 (Tex. App.—Houston [14th Dist.] 1983, no writ). The common-law doctrine of incompatibility also prohibits an individual "from appointing himself to another public position, or from holding both an office and an employment subordinate to the office." Tex. Att'y Gen. Op. No. GA-0488 (2006) at 2; *see also Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928) (stating that

---

[1]*See* Letter from Honorable Jeff Wentworth, Chair, Committee on Jurisprudence, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas (Aug. 14, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

officers who have the appointing power are "disqualified for appointment to the offices to which they may appoint").

The constitutional prohibition of dual office holding and the common-law doctrine of incompatibility pertain to the holding of two *public* offices. *See* Tex. Att'y Gen. Op. No. DM-303 (1994) at 1 (stating that a county auditor's position on a nonprofit housing corporation—a private venture—does not implicate either article XVI, section 40 of the Texas Constitution or the common-law doctrine of incompatibility); *see also Tilley v. Rogers*, 405 S.W.2d 220, 224 (Tex. Civ. App.—Beaumont 1966, writ ref'd n.r.e.) (equating the meaning of "civil officer" in article XVI, section 40 with "public officer"); Tex. Att'y Gen. Op. No. GA-0307 (2005) at 3 (stating that the common-law doctrine of incompatibility prevents one person from holding "two public offices" in certain circumstances). Thus, neither article XVI, section 40 nor the common-law doctrine of incompatibility applies if the water-supply-corporation positions at issue here are private offices.

The Wimberley Water Supply Corporation is a private entity. *See N. Alamo Water Supply Corp. v. Willacy County Appraisal Dist.*, 804 S.W.2d 894, 898–900 (Tex. 1991) (describing how a water supply corporation operates and concluding that it is not a public charity); *cf.* TEX. CONST. art. III, § 49-d-7(a) (permitting the Texas Water Development Board to provide bond proceeds to "various political subdivisions and bodies politic and corporate of the state and to nonprofit water supply corporations"); Tex. Att'y Gen. Op. No. JM-852 (1988) at 4 (distinguishing between business entities and public institutions established by legislative action and governed by public officers exercising delegated legislative authority); Tex. Att'y Gen. LO-95-014, at 3–4 (defining "private corporation" and distinguishing it from a state agency). It was established as a nonprofit water supply corporation under Water Code chapter 67.[2] *See* Wimberley Water Supply Corporation By-Laws art. VIII (attached to Akers Letter *supra* note 2, at 7); *cf.* Tex. Att'y Gen. Op. No. JC-0484 (2002) at 6 ("A nonprofit corporation is a private entity and is, therefore, distinguishable from a public entity."). And a position on the board of a nonprofit corporation is a private office. *See* Tex. Att'y Gen. Op. No. DM-194 (1992) at 3. Because members of the Wimberley Water Supply Corporation board of directors do not hold public offices,[3] neither the constitutional prohibition against dual office holding nor the common-law doctrine of incompatibility precludes them from simultaneously holding positions on the Village of Wimberley City Council.

---

[2]*See* Letter from Honorable Sally Caldwell, City of Woodcreek City Council, to Opinion Committee, Office of the Attorney General, at 4 (Sept. 15, 2007) [hereinafter Caldwell Brief]; Letter from Patty L. Akers, Village of Wimberley City Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Sept. 14, 2007) [hereinafter Akers Letter]; Brief of Wimberley Water Supply Corporation, at 1, attached to Letter from Michael D. Stevens, Stevens & Malone, L.L.P., to Honorable Greg Abbott, Attorney General of Texas (Sept. 5, 2007); *see also* TEX. WATER CODE ANN. § 67.003(a) (Vernon 2004) (authorizing three Texas citizens to form a water supply corporation).

[3]In support of a statement that the directors of the Wimberley Water Supply Corporation hold public offices, a brief we have received cites Attorney General Letter Opinion 92-68, which states that a director of the El Paso County Water Authority holds a public office and therefore cannot simultaneously serve on the Horizon City Town Council. *See* Caldwell Brief, *supra* note 2, at 1–2; Tex. Att'y Gen. LO-92-68, at 1–2. Unlike the Wimberley Water Supply Corporation, which was established in accordance with Water Code chapter 67, the El Paso County Water Authority was created by a special act that specifically declared it a governmental agency. *See* Act of Aug. 8, 1961, 57th Leg., 1st C.S., ch. 32, § 1, 1961 Tex. Gen. Laws 136, 136. Consequently, Letter Opinion 92-68 is inapposite here.

Although the constitutional prohibition against dual office holding and the common-law doctrine of incompatibility do not apply, Local Government Code section 171.009 limits the authority of a "local public official" to serve on the board of a private nonprofit corporation. TEX. LOC. GOV'T CODE ANN. § 171.009 (Vernon 1999). A local public official for purposes of section 171.009 includes a member of a municipal governing body, "whether elected, appointed, paid, or unpaid." *Id.* § 171.001(1). Under section 171.009, it is "lawful for a local public official to serve as a member of the board of directors of private, nonprofit corporations when such officials receive no compensation or other remuneration from the nonprofit corporation or other nonprofit entity." *Id.* § 171.009. Thus, a member of the Village of Wimberley City Council may serve on the board of directors of the Wimberley Water Supply Corporation only if the city council member receives "no compensation or other remuneration" from the water supply corporation. *See* Tex. Att'y Gen. Op. Nos. GA-0084 (2003) at 7; DM-194 (1992) at 3–4. Conversely, a member of the water-supply-corporation board of directors who receives "compensation or other remuneration" from the water supply corporation may not serve on the city council.

We have not been informed as to whether the water-supply-corporation board members receive compensation or other remuneration for their service on the board. If they do, they may not serve simultaneously on the Village of Wimberley City Council.

## S U M M A R Y

Under Local Government Code section 171.009, the mayor of the Village of Wimberley and a member of the Village of Wimberley City Council may serve simultaneously on the Wimberley Water Supply Corporation's board of directors only if they receive no compensation or other remuneration from the water supply corporation.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee