

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

May 6, 2013

Ms. Phyllis L. Martin
Montgomery County Auditor
Post Office Box 539
Conroe, Texas 77305

Opinion No. GA-1005

Re: The appointment and compensation of temporary justices of the peace (RQ-1099-GA)

Dear Ms. Martin:

You ask several questions relating to temporary justices of the peace appointed under section 27.055 of the Government Code.[1] You explain that the Montgomery County Commissioners Court has approved contracts with five people for temporary judicial services in the County's Justice of the Peace Courts, following their appointment by the County Judge. Request Letter at 1. These five people include one retired and two current Montgomery County justices of the peace, as well as two sitting justices of the peace from other counties. *Id.* at 2.

You first ask whether a county judge can appoint more than one temporary justice of the peace to serve when a justice of the peace is temporarily unable to perform official duties. *Id.* at 1. In construing a statute, courts recognize that the words the Legislature chooses are the "surest guide to legislative intent." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). Section 27.055 of the Government Code provides that, when a justice of the peace is temporarily unable to perform his duties, a county judge may appoint "*a* qualified person to serve as temporary justice" of the peace, and that the commissioners court "shall compensate *the* temporary justice" in a certain amount. TEX. GOV'T CODE ANN. § 27.055(b) (West Supp. 2012) (emphasis added). The phrases "a qualified person" and "the temporary justice" are singular in number and indicate that the Legislature intended to limit the appointment of a temporary justice in any given instance to one individual. *See id.* Therefore, a county judge may appoint only one qualified person, and not more, to serve as a temporary justice of the peace when that precinct's justice of the peace is temporarily unable to perform official duties for any of the reasons provided in section 27.055.

You next ask whether a county judge can appoint a special or temporary justice of the peace to serve "at large" for any justice court in a county. Request Letter at 1. We understand this question to ask whether a temporary justice can be appointed before any regular justice of the peace is unable to perform official duties, so that the "at large" temporary justice of the peace

---

[1]Letter from Ms. Phyllis L. Martin, Montgomery Cnty. Auditor, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Nov. 9, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

would serve wherever needed at some undetermined time in the future. Under section 27.055, a county judge is authorized to appoint a temporary justice only (1) when a regular justice is disqualified from a case or otherwise absent and the parties request it, (2) when a regular justice is unable to perform official duties, or (3) when a temporary justice is "necessary" to help a precinct "dispose of accumulated business" in counties with a population of 800,000 or more. TEX. GOV'T CODE ANN. § 27.055(a), (b), (f) (West Supp. 2012). Therefore, section 27.055 does not permit a county judge to appoint an "at large" temporary justice before any of these needs arise.

Next, you ask whether the temporary justice of the peace can be a sitting justice of the peace and, if so, whether the temporary justice can be a sitting justice in the same county. Request Letter at 1. Under section 27.055, a county judge may appoint any "qualified person" as a temporary justice of the peace. TEX. GOV'T CODE ANN. § 27.055(a)–(b) (West Supp. 2012). The statute defines a "qualified person" as "a person who has served as a justice of the peace for not less than 4 1/2 years and who has not been convicted of a criminal offense that involves moral turpitude." *Id.* § 27.055(c). This definition neither disqualifies sitting justices of the peace nor imposes a geographic limitation that disqualifies justices of the peace from certain counties. A sitting justice of the peace who meets the definition of a "qualified person" may serve as a temporary justice under section 27.055 in place of a regular justice in the same county. *Cf.* TEX. GOV'T CODE ANN. § 27.052 (West 2004) (providing that if a justice of the peace "is absent or unable or unwilling to perform his duties, the nearest justice in the county may temporarily perform the duties of the office").

You then ask whether additional compensation can be given to a sitting justice who serves as a temporary justice under section 27.055(b), without violating either chapter 152 of the Local Government Code or section 27.054 of the Government Code. Request Letter at 1. Subsection 27.055(b) directs the commissioners court to "compensate the temporary justice by the day, week, or month in an amount equal to the compensation of the regular justice." TEX. GOV'T CODE ANN. § 27.055(b) (West Supp. 2012). The amount of compensation for a regular justice of the peace is set by the commissioners court in accordance with chapter 152 of the Local Government Code. TEX. LOC. GOV'T CODE ANN. §§ 152.011, .013 (West 2008). Therefore, subsection 27.055(b) entitles a temporary justice to compensation in an amount that is set by the commissioners court for regular justices of the peace in accordance with chapter 152.

Section 27.054 allows a justice of the peace to "hold court for any other justice in any county *at the request of that justice.*" TEX. GOV'T CODE ANN. § 27.054(a) (West Supp. 2012) (emphasis added). However, any justice who does so is "not entitled to receive compensation from the commissioners court of the county in which the regular justice serves." *Id.* § 27.054(c). The commissioners court's duty to compensate a temporary justice under section 27.055 applies to a "qualified person" who, by contrast, is *appointed by the county judge. Id.* § 27.055(b). Compensation that would be available to temporary justices of the peace is not authorized for sitting justices who exchange benches under section 27.054, even in the same county. Subsection 27.055(b) thus does not conflict with section 27.054.

Last, you ask whether a justice of the peace can "hold more than one office, as provided by Article 16, Section 40 of the Constitution, when the offices being held are both for justice of

the peace." Request Letter at 1. Article XVI, section 40 provides that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument, *except that of Justice of the Peace* . . . ." TEX. CONST. art. XVI, § 40(a) (emphasis added). The prohibition against dual-office holding expressly excepts the office of justice of the peace. *See, e.g., Turner v. Trinity Indep. Sch. Dist. Bd. of Trs.*, 700 S.W.2d 1, 2 (Tex. App.—Houston [14th Dist.] 1983, no writ) (holding that a justice of the peace could simultaneously serve as trustee of an independent school district). Therefore, assuming for the sake of argument that a sitting justice of the peace would hold dual offices by also serving as a temporary justice under section 27.055, a court would likely conclude that doing so is constitutional under the exception provided in article XVI, section 40.

## S U M M A R Y

Section 27.055 of the Government Code permits the appointment of one qualified person to serve as temporary justice of the peace to replace an individual justice of the peace who is unable to perform the duties of the office. Section 27.055 does not permit a county judge to appoint an "at large" temporary justice of the peace. A sitting justice of the peace may serve as a temporary justice of the peace under section 27.055, in place of a regular justice of the peace in the same county, provided the justice of the peace is a "qualified person."

The compensation of a temporary justice of the peace as outlined under section 27.055 of the Government Code does not conflict with section 27.054 of the Government Code or chapter 152 of the Local Government Code.

A court would likely conclude that a sitting justice of the peace who also serves as a temporary justice of the peace under section 27.055 does not violate article XVI, section 40 of the Texas Constitution.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Stephen L. Tatum, Jr.
Assistant Attorney General, Opinion Committee