

NUMBER 13-19-00009-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JAMES HALSELL #02122411,                                         APPELLANT,

V.

PATRICK B. MONTGOMERY,                                         APPELLEE.

On appeal from the 156th District Court
of Bee County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Hinojosa
Memorandum Opinion by Justice Hinojosa**

This is an inmate civil suit.   Appellant James Halsell, proceeding pro se, attempts to appeal an "Order Regarding Motion for New Trial" which sets the underlying case for trial on May 6, 2019.   On January 17, 2019, the Clerk of this Court notified appellant that it appeared that there was no final, appealable judgment so that steps could be taken to

correct the defect, if it could be done.   The Clerk advised appellant that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's notice.   More than ten days have passed and appellant has not filed a response to our directive or otherwise corrected the defect.

Generally, appeals may be taken only from final judgments.   *See City of Watauga v. Gordon*, 434 S.W.3d 586, 588 (Tex. 2014); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).   Appellate courts have jurisdiction to consider appeals of interlocutory orders only if a statute explicitly provides for such an appeal.   *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *see City of Watauga*, 434 S.W.3d at 588; *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).

An order granting a new trial is an unappealable, interlocutory order.   *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993) (per curiam); *see In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 230–31 (Tex. 2008) (orig. proceeding) ("When a new trial is granted, the case stands on the trial court's docket 'the same as though no trial had been had.'").   "[E]xcept in very limited circumstances, an order granting a motion for new trial rendered within the period of the trial court's plenary power is not reviewable on appeal." *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005).   The two recognized exceptions are:   (1) when the order was wholly void because it was not entered in the term in which the trial was conducted; and (2) when the trial court specified in its written order that its sole ground for granting the motion was that the jury's answers to special issues were conflicting.   *See id.*; *Johnson v. Fourth Court of Appeals*, 700 S.W.2d

2

916, 918 (Tex. 1985); *see also Sims v. Sims*, No. 08-18-00068-CV, 2018 WL 2328222, at *1 (Tex. App.—El Paso May 23, 2018, no pet.) (mem. op.).   Neither of these situations exists here.   Accordingly, we dismiss the appeal for lack of jurisdiction.

LETICIA HINOJOSA
Justice

Delivered and filed the
21st day of February, 2019.

3